IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CR-159  AGF |
| | ) |
| LOREN COPP | ) |
| | ) |
|     Defendant. | ) |

## MOTION TO DISCLOSE CONFIDENTIAL SOURCE & SUGGESTIONS IN SUPPORT

Loren Copp, through counsel, respectfully requests that this Court order the government or the government's witnesses to disclose the identity of the Confidential Source (CS) during the evidentiary hearing on Mr. Copp's previously filed *Motion to Suppress Evidence & Statements*. In support, Mr. Copp states the following;

1. Today Mr. Copp filed his *Motion to Suppress Evidence and Statements* (Document #59).

2. As stated in the motion to suppress, the CS's lack of credibility, and the mischaracterization of her testimony by the reporting officer invalidates the search warrant in this case. *See Motion to Suppress, paragraphs 6(a), et. al.*(Incorporated as if fully set forth herein).

3. Defense counsel anticipates that when he asks the CS's identity during the hearing, the investigating officer will refuse – or the government will object - and Defense counsel will have to ask the court to order the witness to disclose this information.

4. Other than the CS's allegations, as characterized by the reporting officer,  the police lacked probable cause to search the Dojo Pizza Restaurant.

5.  Consequently, the government plans to prosecute its case with evidence attributed to the CS. The CS played a prominent role in the government's investigation. However, the government has not disclosed the identity of the CS. Mr. Copp will therefore be unable to identify or prove suppression issues without disclosure of the CS's identity.

   a.  Mr. Copp has no way of knowing whether the warrant and investigation complied with the United States Constitution, federal statute, or Federal Rule of Criminal Procedure 41.

   b.  The basis of a CS's knowledge and her reliability are important factors in deciding whether information in an affidavit supports a finding of probable cause for a search. *Illinois v. Gates,* 462 U.S. 213 (1983). False statements or omissions in a search warrant affidavit can render the rest of the affidavit suppressible, if probable cause could not exist without the CS's information.  *See United States v. Bishop*, 264 F.3d 919, 924 (9th CSr. 2001).

   c.  Without the CS's identity Mr. Copp has no way of investigating how much patently false information from the CS was included in the search warrant affidavit, and Mr. Copp cannot prove the CS's unreliability.

   d.  Mr. Copp has no way of knowing whether the CS facilitated entrapment. *See Roviaro v. United States*, 353 U.S. 53, 64 (1957).

   e.  Mr. Copp has no way of compelling the CS to court for confrontation and cross-examination.

6.   Nevertheless, Mr. Copp hereby asserts on his best knowledge and belief that the information provided by the CS- as characterized by the reporting officer -  in this case was patently false. He further asserts that the CS's false evidence at the outset of the investigation lacked reliability – and indeed was motivated by outright malice and deceit - to such an extent that all subsequent

government action based upon this information is suppressible as 'fruit of the poisonous tree.' *See Wong Sun v. United States,* 371 U.S. 471 (1963), *United States v. Bishop,* 264 F.3d 919, 924 (9th CSr. 2001).

7.   Consequently, Mr. Copp requests the CS's identity so he may make a substantial showing that (1) the affidavit contains intentional or reckless false statements, and (2) that the affidavit, if purged of its falsities, would not be sufficient to support a finding of probable cause." *Franks v. Delaware*, 438 U.S. 155 (1978).

8.   In light of the CS's apparent role in the investigation of this case, the CS's identity is relevant and helpful to the defense. Disclosure is essential to a fair determination of the case. *See Roviaro*, 353 U.S. 53, 61 (1957).  Mr. Copp's right to prepare his defense far outweighs the public interest in protecting the flow of information between a criminal informant and the police. *Id.* This is particularly true where, as here, the CS is not a mere anonymous 'tipster', but instead prominently involved with the investigation. *Id.*

9.   Consequently, if the above-named evidence and statements are not suppressed, and if the CS is not disclosed to the defense, the government will violate Mr. Copp's rights to freedom from illegal search and seizure, freedom from self-incrimination, right to counsel, right to confrontation, right to compel witnesses on his own behalf, right to due process, and right to equal protection of the laws as guaranteed by the 4th, 5th, and 6th Amendments to the United States Constitution. Motio

WHEREFORE Mr. Copp respectfully requests that this Court order the government to disclose the identity of the CS in the search warrant affidavit, and – if necessary – for questions to be answered at the hearing pursuant to *Franks v. Delaware,* 438 U.S. 155 (1978).

Respectfully submitted,


/s/Charles J. Banks
CHARLES J. BANKS
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Charles_Banks@fd.org

ATTORNEY FOR DEFENDANT




## CERTIFICATE OF SERVICE


I hereby certify that on March 24, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Jennifer Winfield, Assistant United States Attorney.



/s/Charles J. Banks
CHARLES J. BANKS
Assistant Federal Public Defender