IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CR-159  AGF |
| | ) |
| LOREN COPP | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Loren Copp, through his attorney Assistant Federal Public Defender Charles J. Banks, files his objections to the magistrate's *Memorandum, and Report and Recommendation of United States Magistrate Judge* (Document 119) regarding his *Motion to Suppress Statements & Evidence* and *Motion to Disclose Confidential Source & Suggestions in Support* (Documents 59, 60). Loren Copp respectfully requests de novo review of both motions by the District Court and an order granting these motions. In support, Mr. Copp States the following:

### A. Motion to Suppress Evidence and Statements

**1) Expectation of Privacy:** Mr. Copp objects to the magistrate's finding that he had no reasonable expectation of privacy in the Dojo Pizza Property at the time of the initial investigation because part of the property was open for business. *See p. 26, R&*R. Mr. Copp further objects to the finding that Mr. Copp knowingly and voluntarily consented to the search of the private residential area of the Dojo Pizza Property. *See p. 27 and 28, R&R*. The evidence at the motion to suppress hearing

1

showed that a large section of the Dojo Pizza Property served as Mr. Copp's private residence. Furthermore, Mr. Copp – as any reasonable person would – felt he had no choice but to lead Children Division Investigators into the Dojo Pizza Property and to speak with them. Otherwise they would remove the children from his care. e.*g. p. 67-69, hearing transcript, Document 109*. Therefore, Mr. Copp had a reasonable expectation of privacy in residential sections of the Dojo Pizza Property, no matter the hour, and he did not knowingly and voluntarily consent to the search of his property.

**2) The Children's Division Visit Was a Pretext :** Mr. Copp objects to the magistrate's finding that the Children's Division search of the Dojo Pizza Property on October 13th was not a pretext for a criminal investigation. *See p. 27 R&R*. The evidence at the hearing showed that Detective Strong knew of the criminal complaint in this case through his work at the police department *before* he was contacted by Ms. Washington from the Children's Division regarding the property. *See p. 47 – 49, hearing transcript.* Nevertheless, Detective Strong was not wearing his police uniform during the initial search, and he did not identify himself as a police officer. *See p. 68, hearing transcript*. The reasonable inference from such testimony is that Detective Strong was conducting a criminal investigation when he entered the Dojo Pizza property on October 13, 2015, but he hid this fact from Mr. Copp by giving the false impression that he worked for the Children's Division.

**3) Exigent Circumstances Did Not Exist:**

**a. October 13, 2015:** Mr. Copp objects to the magistrate's finding that Detective Strong believed exigent circumstances existed that allowed him to search the Dojo Pizza Property on October 13, 2015. *See p. 30 – 31, R&R*. In fact, the evidence at the hearing showed that Detective Strong expressly believed the children in the Dojo Pizza Property were not at risk of imminent harm on October 13, 2015. *See p. 76, hearing transcript*. Instead, Detective strong left the children in Mr. Copp's custody at that

time. Clearly no exigent circumstances existed in Detective Strong's opinion, given that he allowed several minor children to remain in Mr. Copp's care at the Dojo Pizza Property.

**b. October 15, 2015:** Similarly, Mr. Copp objects to the magistrate's finding that exigent circumstances existed allowing the police to conduct a warrantless search and seizure at the Dojo Pizza Property on October 15, 2015.  *See, p. 31, R&R*.  Detective Strong did not believe the children at the property were in imminent harm just days before this search. *See p. 76, hearing transcript*. Furthermore, Detective Strong knew the Jane Does at the Dojo Pizza Property had denied any inappropriate sexual touching when they were interviewed on October 13, 2015. *Id. at 76, 91 – 93*.

Additionally, to whatever extent the magistrate relied upon evidence proffered in the Government's Response mentioned in foonote 6, page 31 of the R&R, Mr. Copp objects that such proffered hearsay evidence violates his rights to due process and confrontation as guaranteed by the 5th and 6th Amendments to the United States Constitution. Certainly, "the right of confrontation does not apply to the same extent at pretrial suppression hearings as it does at trial." *United States v. Thompson*, 533 F.3d 964, 972 ( 8th Cir.  2008). However, due process requires that Mr. Copp has an opportunity to meet any such hearsay evidence at an evidentiary hearing in this case, and this right is violated to the extent that the government is allowed to supplement the evidence with hearsay assertions in the pleadings.

**4) Search Warrant #1 Was Invalid and a *Franks* Hearing Should have Been Granted:** Mr. Copp respectfully objects to the magistrate's finding that Search Warrant #1 was valid. *See p. 37, R&R*. In particular, Mr. Copp respectfully avers that the CS's identity, criminal history, and lack of previous reliable information should have been disclosed to the issuing judge. These omissions, and others, invalidate the search warrant. *Id.* Furthermore, Mr. Copp does indeed question the trustworthiness and reliability of the statements made by the Jane Does, the aunt of a Jane Doe, and Detective Strong's

3

testimony about his observations at the Dojo Pizza Property in October 2015. *See p. 37, R&R.* Such matters were material to the decision whether to issue Search Warrant #1, and Mr. Copp should have been allowed to more fully inquire into such matters by way of a *Franks* hearing, including disclosure of the CI's identity. For example, Detective Strong neglected to disclose in his search warrant affidavit that the Jane Does had denied any inappropriate sexual touching when asked about it on October 13, 2015. *See p. 92, hearing transcript.* Similarly, Detective Strong neglected to specify that the firearms he saw "in plain sight" were, in fact, located in Mr. Copp's locked bedroom, inaccessible to the children. *p. 93 – 94, hearing transcript.* Such willful omissions from the search warrant affidavit invalidate Search Warrant #1 and – at the very least – warrant further inquiry by way of a *Franks* Hearing.

**5) The Search Warrants Did Not Sufficiently Describe the Areas to be Searched:** Mr. Copp respectfully objects to the magistrate's findings that Search Warrant #1 – and subsequent warrants referencing Search Warrant #1 – sufficiently described the areas to be searched within the Dojo Pizza Property. *See p. 37, R&R.* The magistrate finds that, " . . .4601 Morganford Road is the entire property's sole valid address." *P.29, R&R.* However, Mr. Copp adduced ample evidence at the hearing that mail was delivered to 4310 Neosho, and indeed Charter Communications Billed Mr. Copp at 4310 Neosho, which is a separate residential structure attached to the public use area at 4601 Morganford. *See Defense Exhibits B, C, & G.*

Before he applied for Search Warrant #1, Detective Strong knew that Mr. Copp lived in a separate residential area at 4310 Neosho. *See p. 39, R&R.* Nevertheless, he failed to specify this separate area in violation of the 4th Amendment's particularity requirement. Consequently, Mr. Copp avers that the officers who relied on Search Warrant #1 exceeded the scope of the search warrant by searching the residential area of the Dojo Pizza Property, despite the magistrate's ruling to the contrary on p. 43 of the R&R.

Finally, Detective Strong himself exceeded the scope of Search Warrant #1 when he entered the Dojo Pizza property on October 22, 2015 when he placed a ladder against the building and entered a second story window. *See fn 8, p. 35, R&R.* Mr. Copp respectfully objects to the magistrate's ruling regarding this search. *Id.* Detective Strong conducted this search independent of, and hours before, the execution of Search Warrant #1, and any related evidence should be suppressed.

**6) Search Warrant #1 was Federal in Nature, and Violated Fed. R. Crim. P. 41:** Mr. Copp respectfully objects to the magistrate's findings that Search Warrant #1 was not federal in nature and did not violate Fed. R. Crim. P. 41. *See p. 47, R&R.* Based on the evidence adduced at the hearing in this case, federal agents and the United States Attorney's Office were involved in this case's investigation by the time they executed Search Warrant #1. *See p. 88 – 94*, *hearing transcript*. The investigation was clearly federal in nature, and Fed. R. Crim. P. 41 should have been followed.

**7) Mr. Copp's Statements to Ms. Washington Should Be Suppressed:** Mr. Copp respectfully objects to the magistrate's findings that Mr. Copp's statements to the Children's Division on October 13, 2015 should not be suppressed. *See p. 51 - 52, R&R*. Mr. Copp avers that contrary to the magistrate's ruling, evidence was adduced that Mr. Copp was effectively in custody at the time he was interrogated by Ms. Washington. Given the context of the interview, he was not free to leave lest he risk having the children removed from his care. The magistrate reasons that Mr. Copp could not have felt compelled to participate in the interview because he, " . . .was steps from his home . . ." at the time of the questioning. *P. 53, R&R*. However, the fact that the Ms. Washington and an undercover police detective were in or near Mr. Copp's home only added to pressure he felt to participate in the interview. Mr. Copp avers this pressure amounted to coercion, whether or not such coercion was intended by Ms. Washington.

**B. Motion to Disclose Confidential Informant**

Mr. Copp respectfully objects to the magistrate's finding that the CI's identity should not have been disclosed at the time of the motion to suppress hearing. *P. 55-57, R&R, p. 96 – 97, hearing transcript.* Mr. Copp asserts that Detective Strong's testimony at the hearing established that the CI was not a mere "tipster" in this case, and the CI's involvement in the investigation was so extensive that disclosing the CI's identity is integral to properly litigating the legality of the investigation. *See p. 94 – 97, hearing transcript.*

In conclusion, Mr. Copp adopts and incorporates all arguments and exhibits from his previously filed motions to suppress and motion to disclose confidential informant. To adopt the magistrates findings, to allow the government to adduce such evidence at trial, and to allow the government to keep the CI's identity a secret while litigating suppression issues would violate Mr. Copp's rights to freedom from illegal search and seizure, present a reasonable defense, due process, equal protection, effective assistance of counsel, freedom from self-incrimination, and a fair trial as guaranteed by the 4th, 5th, and 6th Amendments to the United States Constitution.

WHEREFORE Mr. Copp respectfully requests de novo review of his motions by the District Court, and this honorable Court's order granting these motions.

                Respectfully submitted,

                /s/Charles J. Banks
                CHARLES J. BANKS
                Assistant Federal Public Defender
                1010 Market Street, Suite 200
                St. Louis, Missouri 63101
                Telephone: (314) 241-1255

                                Fax: (314) 421-3177
                                E-mail: Charles_Banks@fd.org

                                ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Jennifer Winfield, Assistant United States Attorney.

                                <u>/s/Charles J. Banks</u>
                                CHARLES J. BANKS
                                Assistant Federal Public Defender