UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOREN ALLEN COPP, )<br>a/k/a "Sensei," )<br>)<br>Defendant. ) | No. S1-4:16 CR 00159 AGF |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Comes now the United States of America, by and through its attorneys, Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and Colleen Lang and Jennifer A. Winfield, Assistant United States Attorneys for said district, and files its response to "Defendant's Objection to the Report and Recommendation," (Doc. #123). In support, the government states the following:

**INTRODUCTION**

The defendant was indicted by a federal Grand Jury on two counts of production of child pornography, one count of attempted production of child pornography, one count of possession of child pornography, two counts of online enticement of a minor, and three counts of transmitting a minor's information with intent to engage in sexual activity. On March 24, 2017, defendant filed his "Motion to Suppress Evidence" and "Motion for Disclosure of Confidential Source" (Doc. #59, 60). In these motions, the defendant moved to suppress all evidence seized by law enforcement, suppress his statements, and to disclose the confidential source (hereafter "CS").

1

At the evidentiary hearing in this matter, which was held on June 15, 2017, the government presented evidence that showed that law enforcement obtained valid search warrants, the seizure of physical items of evidence from 4601 Morganford Road by law enforcement was lawful, and the defendant's statements were voluntary.  On September 19, 2017, the United States Magistrate Judge filed its Report and Recommendations (Doc. #119), recommending that defendant's motions to suppress evidence and his motion to disclose the CS be denied.  Defendant timely filed his objections to the report and recommendation on October 3, 2017.  Defendant objects to the legal conclusions of the Magistrate Judge including: the defendant had no reasonable expectation of privacy; the children's division visit was not pretextual; exigent circumstances did exist;  Search Warrant #1 was valid and met the requirements of Rule 41; a *Franks* hearing is not warranted; the search warrant was sufficiently particular; the defendant's statements were voluntary; and the CS was reliable and corroborated.

Defendant did not object to the Magistrate Judge's factual findings.

## DISCUSSION

The Government urges this Court to adopt the Magistrate Judge's recommendations. All of the issues raised by the defendant in his objection to the Magistrate Judge's Report and Recommendations were raised previously in the defendant's pre-trial motions to suppress (Doc. #59, 60, 110).  The Government hereby adopts and incorporates all arguments and exhibits submitted in its previously filed responses to defendant's motions to suppress and its post hearing brief, as well as arguments made at the evidentiary hearing.   (see Doc. #76, 115).

At the evidentiary hearing, the government presented evidence supporting the Magistrate Judge's conclusions.   Law enforcement obtained valid search warrants, which provided probable cause to search 4601 Morganford Rd., and the description of the address included in those search

warrants properly designated the entire 4601 Morganford premises included in the search. At the hearing, it was also established that there is no legitimate evidence of the alleged existence of a separate 4310 Neosho address within the 4601 Morganford property. Thus, as probable cause was provided in each and every search warrant obtained in this matter, the seizure and subsequent analysis of physical items from the 4601 Morganford property was reasonable, lawful, executed in good-faith, and therefore the evidence should not be suppressed. In addition, statements provided by the defendant were not obtained in violation of any constitutional rights, as the defendant was not in custody at the time he made the statements. Lastly, disclosure of the confidential source in this matter is not material to the determination of the case and therefore the motion for disclosure of the confidential source should be denied.

## CONCLUSION

All of the search warrants obtained and executed in this matter were within the scope of the Fourth Amendment. Any statements made by the defendant are not suppressible because he was not in custody, and disclosure of the identity of the confidential source is being sought only to attack the state search warrant affidavit and there is no showing that disclosure would establish innocence.

WHEREFORE, based on the testimony presented at the evidentiary hearing in this matter, the Government's responses to the motions, and the Magistrate Judge's Report and Recommendations, the Government respectfully requests that this Court deny defendant's motions to suppress evidence and statements, and motions for a *Franks* hearing and disclosure of a confidential source.

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

   /s/ Colleen C. Lang
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 South 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 6, 2017, the foregoing was filed electronically with the Clerk of the Court to be served via email upon all counsel of record.

   /s/ Colleen C. Lang
COLLEEN C. LANG, #56872MO
