UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CR-00159-AGF |
| | ) | |
| LOREN ALLEN COPP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on the motions of attorneys N. Scott Rosenblum and Nathan T. Swanson to withdraw as attorneys for Defendant Loran Allen Copp. (ECF Nos. 137 and 138, respectively.) For the reasons set forth below, the motions will be denied.

This case has been pending for more than one year and nine months. The charges against Defendant Copp were first filed in a criminal complaint on April 7, 2016, and the federal public defenders were appointed to represent Defendant. On April 14, 2016, an indictment was returned charging Defendant with two counts of Production of Child Pornography, one count of Attempted Production of Child Pornography, and one count of Possession of Child Pornography. ECF No. 11. Defendant thereafter obtained several extensions of time to file pretrial motions, and voluminous discovery was produced to Defendant.

In March, 2017, Defendant filed pretrial motions, and a superseding indictment was filed adding two charges of Use of Interstate Facilities to Persuade, Induce, Entice and Coerce a Minor to Engage in Sexual Activity, and three charges of Use of Interstate Facilities to Transmit Information about a Minor with Intent to Entice and Encourage to Engage in Sexual Activity. ECF No. 63. In light of the superseding indictment, the Magistrate Judge set additional dates for discovery requests

and to file any additional pretrial motions.  An evidentiary hearing was held on June 15, 2017.  After post-hearing briefing by the parties, the Magistrate Judge issued her Memorandum, Report and Recommendations (ECF No. 119), which was adopted by this Court.

On September 19, 2017, the case was set for trial on Monday, November 6, 2017.  On September 27, 2017, on motion of Defendant, the trial date was continued to Monday, February 5, 2108, and a final pretrial conference was scheduled for January 31, 2018.

On December 22, 2017, the Court held a status conference and hearing pursuant to *State of Missouri v. Frye*.  At that time, Defendant expressed issues with the relationship he had with his attorneys and stated his intention to retain new counsel, specifically attorney Rosenblum.  Defendant further stated that his relationship with appointed counsel was such that he did not believe he would want to go forward with the federal public defenders representing him if he were unable to retain counsel, and would prefer in that instance to proceed pro se.  The federal public defenders confirmed that if new counsel were retained, they would cooperate fully, turn over their files, and review the files with new counsel.  Defendant was thereafter given seven days to file a motion to substitute counsel.  As the deadline approached, the Court spoke with an attorney from the Rosenblum firm to inquire about the status, and was advised that an agreement had been reached with Defendant's family for representation, but that they were awaiting payment.  Counsel was reminded at that time that the case had a February 5 trial setting, and that the case had already been pending for a long time.

On January 3, 2018, attorney Rosenblum entered his appearance on Defendant's behalf, and the federal public defender filed a motion to withdraw.  ECF Nos. 130 & 131.  On January 8, 2018, attorney Swanson, also with the Rosenblum law firm, entered his appearance.  On January 10, 2018, attorney Rosenblum filed a motion to continue the trial setting.  ECF No. 134.  In the motion, counsel represented that his trial schedule was "unusually full" and that he had only two

open weeks until the end of July.  He further represented that "[w]hile it would be expected for some dates to open as cases progress, as of now, there are no certain dates on counsel's calendar beyond April 16, and July 23, 2018."

The Court held a status conference on January 12, 2018.  The government requested that no continuance beyond March be granted.  Over the government's objection, the Court agreed to reschedule the trial date for April 16, 2018, with the understanding that if defense counsel's current April conflicts resolved, the trial date would be moved earlier on the Court's criminal docket, to April 9 or April 2, if possible.[1]  Counsel for the government confirmed that discovery had been produced and that they had reviewed the discovery with both the federal public defenders and Defendant himself.  They further represented that certain information had already been shared with new counsel, and that they were willing to sit down with new counsel and review the evidence, including highlighting the most significant evidence.  Defense counsel advised that other attorneys in the firm were available to assist in preparation for the trial.  As such, the Court believed then, and continues to believe, that a continuance of more than three months was sufficient for defense counsel to prepare.

On January 16, 2018, attorneys Rosenblum and Swanson filed the motions to withdraw currently before the Court.  As the sole ground offered, counsel represents that "he has been unable to confirm availability with absolute certainty."   ECF No. 137.

As stated above, this case has been pending for more than one year and nine months.  While the Court was willing to grant a reasonable continuance of the trial date to permit new counsel to prepare for trial, the Court was unwilling to continue the trial until some unknown date after July 2018 based on new counsel's schedule.  As discussed at the status conference on January 12, 2018,

---

[1] Counsel stated that he would advise the Court in the morning (presumably Monday) if there was any problem with that date.   Nothing was filed on Monday.

there are child victims in this case who are expected to testify, and who have been awaiting their trial date a very long time.  Like a defendant, the public and the victims also have a right to a speedy trial.

In light of the delays occasioned by Defendant's efforts to retain the Rosenblum law firm and their entry of appearance, it is no longer possible to try this case on February 5, 2018.  And attempting to find other counsel now would occasion even further delay.  At the time they entered their appearances defense counsel knew that the case was scheduled for trial, and that the case had been pending for a lengthy period of time.  The appearance forms they filed were not in any manner contingent upon obtaining a continuance of the trial setting.  Counsel thereafter represented in his motion for a continuance that he was available to try the case on April 16, 2018, and the Court agreed to that date, rather than an earlier date, to accommodate counsel's schedule.  Moreover, as counsel noted at the January 12 hearing, there are several other very experienced trial counsel in the firm capable of trying or assisting in the preparation and trial of the case.  As such, the Court will expect attorneys Rosenblum and Swanson, together with such other attorneys from the firm who may enter their appearance or assist, to prepare for trial on April 16, 2018.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of attorneys N. Scott Rosenblum and Nathan T. Swanson to withdraw as attorneys for Defendant Loran Allen Copp are **DENIED**.  (ECF Nos. 137 and 138.)

**IT IS FURTHER ORDERED** that Defendant's Motion to Continue Trial Setting (Doc. No. 134) is **GRANTED** and this matter is continued to the three-week trial docket of **April 2, 2018**.  As Defendant's counsel currently has a conflict the weeks of April 2, 2018 and April 9, 2018, this case will be set for trial beginning April 16, 2018 at 9:00 a.m.  Should the conflict Defendant's counsel has with the weeks of April 2, 2018 or April 8, 2018 be resolved, he is to advise the Court

immediately so this case can proceed to trial earlier on the three-week docket, if possible.  Further, the Court finds, pursuant to 18 U.S.C. § 3161(h)(7), that the ends of justice served by such a continuance outweigh the best interest of the public and the defendant in a speedy trial, and that therefore any time elapsed is excludable time under the Speedy Trial Act.  In particular, for the reasons stated by Defendant, it is unreasonable to expect counsel to have adequate time for effective preparation for trial within the time limits imposed by the Act, even taking into account counsels' exercise of due diligence.

**IT IS FURTHER ORDERED** that the Motion to Withdraw As Attorney (Doc. No. 131) filed by the Federal Public Defender is **GRANTED**.

Dated this 19th day of January, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE