UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOREN ALLEN COPP, ) <br> a/k/a "Sensei," ) <br> ) <br> ) <br> Defendant. ) | No. S1-4:16CR00159 AGF |

**STIPULATION AND MOTION FOR ENTRY OF A
PROTECTIVE ORDER GOVERNING MINOR VICTIM INTERVIEWS**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the eastern District of Missouri, and Jennifer A. Winfield, Assistant United States Attorney for said District, and, pursuant to Federal Rule of Criminal Procedure 16(d), and moves the Court to issue a protective order based on the parties stipulations and agreements regarding minor victim interviews involved in this case, and in support thereof states as follows:

1. The defendant is charged in the Indictment with violations of:

    i. Count One: Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a);
    ii. Count Two: Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a);
    iii. Count Three: Attempted Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a);
    iv. Count Four: Possession of Child Pornography in violation of Title 18 U.S.C. Section 2252(a)(5)(B);
    v. Count Five: Use of Interstate Facilities to Persuade, Induce, Entice, or Coerce a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2422;
    vi. Count Six: Use of Interstate Facilities to Persuade, Induce, Entice, or Coerce a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2422;
    vii. Count Seven: Use of Interstate Facilities to Transmit Information with the Intent

              to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2425;

    viii.    Count Eight: Use of Interstate Facilities to Transmit Information with the Intent to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2425, and

    ix.    Count Nine: Use of Interstate Facilities to Transmit Information with the Intent to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2425.

2. The defendant is represented by Attorneys N. Scott Rosenblum and Nathan Swanson and the investigative staff of their office. In connection with this Indictment, the government has evidence of the multiple minor victims' video and audio-recorded interviews (i.e. interviews of Jane Does 1, 3, 4 and 5) generated in this matter.

3. Thus, the discovery to be provided by the government in this case includes sensitive information. The unrestricted dissemination of this sensitive information could adversely affect the privacy interests of the victims in this matter.

4. The Government has provided defense counsel with an opportunity to review the information and to consent to its disclosure subject to this requested protective order.

5. Federal Rule of Criminal Procedure 16 grants the Court power to regulate discovery through the entry of a protective order, allowing the Court "[a]t any time," and upon a showing of "good cause," to "deny, restrict, or defer discovery or inspection[.]"  Fed. R. Crim. P. 16(d).

6. As an initial matter, the entry of the proposed protective order is consistent with Rule 16(d) because the discovery materials in this case implicate the privacy of third parties, and a district court may limit discovery for good cause under Rule 16(d).  *See* United States v. Lee, 374 F.3d 637, 652 (8th Cir. 2004).  *See also*, United States v. Bulger, 283 F.R.D. 46, 52 (D. Mass 2012).

7. In order to comply with Title 18, United States Code, Section 3509(d), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this

matter, the United States requests that a Protective Order be entered limiting disclosure of all discovery pursuant to the following restrictions:

      a.      The disclosed materials (i.e. interviews of Jane Does 1, 3, 4 and 5) will not be disseminated or disclosed to anyone who is not a part of the defense team as more fully described below.

      b.      The disclosed materials (i.e. interviews of Jane Does 1, 3, 4 and 5) and information contained therein will not be used for any purpose other than in the defense of these criminal cases.

      c.      Upon completion of the case, the video and audio-recorded interviews of Jane Does 1, 3, 4 and 5 (including copies of these interviews) will be returned to the Government to prevent any future disclosure.

      d.      Upon completion of the case, the transcripts of the video and audio-recorded interviews of Jane Does 1, 3, 4 and 5, will be destroyed to prevent any future disclosure.

8.      The parties agree and stipulate that the Protective Order limit who may obtain, review and/or examine the interviews of Jane Does 1, 3, 4 and 5, so described under the conditions set forth, for the sole purpose of preparing the defense and for no other purpose to the following individuals (the defense team):

      i.      Counsel for defendant;

      ii.      Persons employed by defense counsel who are assisting with the preparation of the defense;

      iii.      Defendant Copp, but only in the presence of his attorney;

      iv.      Any expert retained on behalf of Defendant Copp to assist in the defense of this matter; and

      v.      Any investigator retained on behalf of Defendant Copp to assist in the defense of this matter.

9. The parties further agree that any disputes concerning the Protective Order be resolved by this Court only after counsel for the United States and defendants have first conferred and attempted to resolve the dispute.

10. The government has discussed this joint motion and proposed protective order with counsel for defendants, and they do not oppose the entry of the proposed order.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

DATED: ____02/26/18_____                 __/s/ Jennifer A. Winfield_____
                                            JENNIFER A. WINFIELD, #53350MO
                                            Assistant United States Attorney

DATED: ____02/26/18_____                 __/s/ N. Scott Rosenblum_____
                                            N. SCOTT RESENBLUM
                                            Attorney for Defendant

DATED: ____02/26/18_____                 ___/s/ Nathan Swanson_____
                                            NATHAN SWANSON
                                            Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2018 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Counsel of Record.

 /s/ Jennifer A. Winfield_____
JENNIFER A. WINFIELD, #53350MO
Assistant United States Attorney