UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. S1-4:16CR00159 AGF |
| LOREN ALLEN COPP, ) | |
| a/k/a "Sensei," ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF INTENT TO USE RULE 413 EVIDENCE

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield and Colleen C. Lang, Assistant United States Attorneys for said District, and files this notice in accordance with Rule 413 of the Federal Rules of Criminal Procedure.

In the instant case, defendant Loren Copp ("Copp") is charged with seven different crimes. Counts One and Two: Production of Child Pornography, and Count Three: Attempted Production of Child Pornography, all in violation of Title 18, United States Code, Section 2251(a); Count Four: Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B); Counts Five and Six: Use of Interstate Facilities to Persuade, Induce, Entice, or Coerce a Minor to Engage in Sexual Activity, in violation of Title 18, United States Code, Section 2422(b); and Counts Seven, Eight and Nine: Use of Interstate Facilities to Transmit Information with the Intent to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity, in violation of Title 18, United States Code, Section 2425.

1

Rule 413 states:

> In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.

The rule, Fed. R. Evid. 413, defines a "sexual assault" as

> In this rule and Rule 415, "sexual assault" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving:
> (1) any conduct prohibited by 18 U.S.C. chapter 109A;

Rule 413(d)(1).

Both the defendant's prior sexual abuse and his current charged offenses fall within the defined "sexual assault" parameters.

1. **Evidence that the Government Anticipates Introducing Pursuant to Rule 413**

Pursuant to Federal Rule of Evidence 413, the Government intends to introduce evidence and testimony that defendant was previously accused of sexually abusing "Jane Doe" who at the time was less than sixteen years of age. On April 12, 2013, the defendant was the subject of an investigation by the Missouri Department of Social Services, Children's Division, regarding a report alleging sexual abuse of "Jane Doe" by Copp. "Jane Doe" may testify regarding the circumstances surrounding this alleged sexual abuse.

In 2013, a person committed the crime of Sexual Abuse if he subjected another person to sexual contact when that person was incapacitated, incapable of consent, or lacked the capacity to consent, or by the use of forcible compulsion. Mo. Rev. Stat. § 566.100.

Consent was defined as: "consent or lack of consent may be expressed or implied. Assent does not constitute consent if: (a) It is given by a person who lacks the mental capacity to authorize the conduct charged to constitute the offense and such mental incapacity is manifest or

2

known to the actor; or (b) It is given by a person who by reason of youth, mental disease or defect, intoxication, a drug-induced state, or any other reason is manifestly unable or known by the actor to be unable to make a reasonable judgment as to the nature or harmfulness of the conduct charged to constitute the offense; or (c)  It is induced by force, duress or deception. Mo. Rev. Stat. § 556.061(14).   A copy of a letter from the Missouri Division of Social Services regarding the above allegation was provided to the defendant's attorney.

The Government also anticipates that it will introduce testimony and evidence of Facebook chats between "Jane Doe" and a Facebook account utilized by Copp which purported to be used by a 13 year-old named "Chrissy."   Investigator Donya Jackson will testify that the aforementioned Facebook account depicted a facial image of a minor female with dark hair and green background for the profile picture, and a Facebook picture ID of "230136607162581" for this profile image. Investigator Jackson located this same Facebook profile picture of "Chrissy" in the Users\Loren\pictures\ folder on Copp's computer (Item 23), where the image was saved with the same "230136607162581" picture ID number provided by Facebook.   Even further, Investigator Jackson will testify that the subscriber information and backup emails used for the "Chrissy" Facebook account are linked to Copp.

Additionally, within the Facebook chats between "Chrissy" and "Jane Doe," there are multiple references to sexual activity and/or sexually explicit conduct occurring between "Jane Doe" and Copp during the dates alleged in the indictment, which constitutes sexual abuse. Thus, there will be evidence and testimony regarding the contents of the Facebook account and Investigator Jackson's report, which have been made available for review by defense counsel.

**2.     Discussion**

    **i.     Legislative History**

Federal Rules of Evidence 413 and 414 were enacted by the legislature to expand 404(b) and allow the admission of uncharged offense evidence for the purpose of establishing propensity.  The legislative sponsors explained:

> The new rules will supersede in sex offense cases the restrictive aspects of Federal rule of evidence 404(b).  In contrast to rule 404(b)'s general prohibition of evidence of character or propensity, the new rules for sex offense cases authorize admission and consideration of evidence of an uncharged offense for its bearing "on any matter to which it is relevant." This includes the defendant's propensity to commit sexual assault or child molestation offenses, and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense.

140 Cong. Rec. H8991; *see* 140 Cong. Rec. S12990; 137 Cong. Rec. S3238-41 (further explanation); David J. Karp, *Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 Chi.-Kent L. Rev. 15, 18-21 (1994) (further explanation).

"Under Rule 413 . . . evidence of a defendant's other sexual assaults may be admitted 'for its bearing on *any* matter to which it is relevant.' . . . Thus, Rule 413 supersedes Rule 404(b)'s restriction and allows the government to offer evidence of a defendant's prior conduct for the purpose of demonstrating a defendant's propensity to commit the charged offense." *United States v. Guardia*, 135 F.3d 1326, 1329 (10th Cir. 1998).

    **ii.     Length of Time Between the Prior Sexual Abuse and The Present Case**

In *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001), the Court affirmed the admission of evidence that the defendant had molested a young girl twenty years earlier. "Because propensity evidence is admissible under Rule 414,' the fact that evidence of prior acts suggests a propensity to molest children, 'is not unfair prejudice."  *United States v. Bentley*, 561

4

F.3d 803, 815 (8th Cir. 2009), quoting *Gabe*, 237 F.3d at 960. "Rule 414(a) displaces [FRE] 404(b)'s restriction on propensity evidence and allows the government to offer evidence of a defendant's prior sexual misconduct for the purpose of demonstrating the defendant's propensity to commit the charged offense." *United States v. McHorse*, 179 F.3d 889, 903 (10th Cir. 1999).

In *United States v. LeCompte*, 131 F.3d 767 (8th Cir. 1997), the Court reversed the district court's decision to exclude evidence that the defendant had molested a young girl ten years before the charged counts. The Court quoted Congressional intent:

> Rule 414 and its companion rules...are "general rules of admissibility in sexual assault and child molestation cases for evidence that the defendant has committed offenses of the same type on other occasions...The new rules will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)."

*Id.*, at 769. The Court noted that Rule 403 must still be applied. "However, Rule 403 must be applied to allow Rule 414 its intended effect." *Id; see also United States v. Luger,* 837 F.3d 870, 874-5 (8th Cir. 2016) (Sexual assaults that occurred more than 25 years prior to trial properly admitted after district court conducted a Rule 403 balancing test); U*nited States v. Withorn*, 204 F.3d 790 (8th Cir. 2000) (admission of rape of another juvenile); *United States v. Angle*, 234 F.3d 326 (7th Cir. 2000) (admission of twenty year old sodomy conviction and ten year old child molestation conviction in trial for child pornography charges).

In *United States v. Meachem*, 115 F.3d 1488, 1492 (10th Cir. 1997), the Court stated that "The historical notes to the rules and congressional history indicate that there is no time limit beyond which prior sex offenses by a defendant are inadmissible." The Court quoted the Congressional history: "No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often

5

probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses." *Id.* The Court concluded that "Rule 403 balancing is still applicable [citations omitted], but clearly under Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses." *Id.*   While these cases deal with Rule 414, it mirrors Rule 413, but 414 deals with children under the age 14 years. The analysis is the same in that no time limit has been imposed on admission of a prior relevant offense.

### iii.     Rule 403 Balancing

In United States vs. Luger, 837 F.3d 870, 874 (2016), the Eighth Circuit discussed the balancing requirement of Rule 403 in relation to Rules 413, 414.

> In such cases, evidence of any prior sexual assault or child molestation offense is admissible for any relevant purpose, including to prove the defendant's propensity to commit the charged offense. Id. These rules are checked by Rule 403, under which otherwise admissible propensity evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Though Rules 413 and 414 reflect a "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible," United States v. LeCompte, 131 F.3d 767, 769 (8th Cir.1997), the prior offenses must be similar enough to the charged offense to be probative of the defendant's propensity to commit that specific offense. See United States v. Crow Eagle, 705 F.3d 325, 327 (8th Cir.2013) (per curiam); United States v. Gabe, 237 F.3d 954, 959 (8th Cir.2001).Id.

While this case is dealing with Rules 413 and 414, the same analysis applies under Rule 403.  In the prior allegation, the victim there is the same victim in this case.  In the 2013 allegation, defendant was accused of sexually abusing "Jane Doe."  The cases are similar enough that this evidence of defendant's propensity to commit the charged offenses is more probative than prejudicial.

### 3.     Conclusion

To ensure the jury understands how the Rule 413 evidence is to be considered, a limiting instruction will be offered.

6

For the foregoing reasons, the Government respectfully requests that the Court admit the evidence outlined above pursuant to Rule 413.

Respectfully submitted,

JEFFREY B. JENSEN
UNITED STATES ATTORNEY

*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, #53350MO
Assistant U.S. Attorney
111 S. 10th Street, Ste. 20.333
St. Louis, MO 63102
Telephone: (314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, #53350MO
Assistant U.S. Attorney