UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. S1-4:16CR00159 AGF |
| | ) |
| LOREN ALLEN COPP, | ) |
| a/k/a "Sensei," | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S MOTION IN LIMINE FOR PROTECTIVE ORDER REGARDING CHILD VICTIMS AND WITNESSES UNDER 18 U.S.C. § 3509

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield and Colleen C. Lang, Assistant United States Attorneys for said District, and files this Motion for Protective Order Regarding Child Victims and Witnesses under 18 U.S.C. § 3509 as follows:

1. This case is currently set for trial on April 11, 2018. The trial will involve the testimony of at least two minor witnesses and the identification of several other child victims as defined by 18 U.S.C. § 3509(a).

2. The Child Victim Rights Act, 18 U.S.C. § 3509, provides the following with regard to protection of the confidentiality of child witnesses and victims:

> (3) **Protective orders**.--(A) On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.
> (B) A protective order issued under subparagraph (A) may--
> (i) provide that the testimony of a child witness, and the testimony of any other

1

>witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
>(ii) provide for any other measures that may be necessary to protect the privacy of the child.
>(4) **Disclosure of information**.--This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.
>(e) **Closing the courtroom**.--When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

18 U.S.C. § 3509(d)(3) & (e).

3.      Based on the above, the government hereby moves for a protective order requiring that the child victims and witnesses be referred to only by pseudonyms of "Jane Doe 1" *et sequentia* in all pleadings and in court during any hearings and at the trial of this matter (number to be determined and a listing to be filed under seal prior to trial).   The government also moves to have the courtroom sealed during the testimony of all child witnesses in this case, with the exception of the presence of the witness' counsel and victim advocate.   The government also moves to have the courtroom partially closed during the presentation of the images of child pornography in this case (insofar as the images should not be displayed upon public monitors in the courtroom).   Lastly, the government moves to have the defendant remain at counsel table when questioning the victims.

2

**Memorandum of Law**

The measures the Government seeks pass constitutional muster. In *United States v. Broussard*, 767 F. Supp. 1545, 1546-48 (D. Or. 1991), the court upheld the redaction of child-identifying information from documents made part of the public record in a criminal case. The court specifically rejected defendant's argument that redaction of documents affected his First or Sixth Amendments right to a public trial. *Id.*

Moreover, in *United States v. Anderson*, 139 F.3d 291, 301-02 (1st Cir. 1998), *cert. den. sub. nom. Coutermarsh v. United States*, 525 U.S. 866 (1998), the First Circuit upheld a district court's order prohibiting the disclosure of the last names of two juvenile witnesses at trial. The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a). Relying on 18 U.S.C. § 3509(d)(3), the district court "ordered that, in order to protect their identity, the last names of the juvenile witnesses not be disclosed during the trial." *Anderson*, 139 F.3d at 302.

In this case, the Government requests that the minors/victims involved be referred to at trial by pseudonyms of "Jane Doe 1" *et sequentia* .[1] This restriction serves a compelling interest in "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 604-05 (1982); *Broussard*, 767 F. Supp. at

---

[1] Frequently minors may safely be referred to by initials. *See, e.g., United States v. Ledee*, 2012 WL 1247222 (E.D.N.Y.,2012) (referring to a minor as "KO"). However, here it has been pointed out to the government by the witnesses that because the victims are generally members of a specific high school, individuals are easily identified by their initials and subsequently subjected to taunting.

1546. The nature of the minors' testimony and their ages warrants protection of their identities. This is especially true in light of the potential for media coverage of this case. If no protective measures are taken, and the minors' identities are disclosed, they will likely be subject to numerous inquiries and severe scrutiny from the press, their classmates, and members of the community. Disclosure of the minors' identities will thus likely harm the minors' well-being.

Regarding closure of the courtroom, the Supreme Court has recognized that, while "the press and general public have a constitutional right of access to criminal trials," this right is not absolute. *Globe Newspaper Co.,* 457 U.S. at 603, 606. See also *United States v. Charboneau* 2011 WL 5040717 (N.D. 2011). The circumstances in which the press and public may be barred from a criminal trial are limited; the justification for denying them access "must be a weighty one." 457 U.S. at 606. In *Globe Newspaper Co.* the Court stated that, when the right of access is inhibited to prevent the disclosure of sensitive information, "it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id.* at 607. While the Court acknowledged that, "safeguarding the physical and psychological well-being of a minor" has been recognized as a compelling interest, the Court found that this interest did not justify a mandatory closure of the courtroom. *Id.* at 607-08. Instead, the trial court must determine on a case-by-case basis whether closure is necessary to protect the welfare of the juvenile. *Id.* at 608.

In *Globe Newspaper Co.*, the Supreme Court found that the state statute at issue, which required mandatory closure of the courtroom to the press and public during the testimony of minor victims in criminal sex offense trials, violated the First Amendment. In a footnote to its holding, however, the Court stated:

4

> We emphasize that our holding is a narrow one: that a rule of mandatory closure respecting the testimony of minor sex victims is constitutionally infirm.   In individual cases, and under appropriate circumstances, the First Amendment does not necessarily stand as a bar to the exclusion from the courtroom of the press and general public during the testimony of minor sex-offense victims.   But a mandatory rule, requiring no particularized determinations in individual cases, is unconstitutional.

*Globe Newspaper Co.*, 457 U.S. at 611 n.27.   Unlike the state statute, Title 18, United States Code, Section 3509(e) does not require automatic closure whenever a minor victim testifies in a sexual exploitation case.   Rather, it requires a determination that "requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate."   18 U.S.C. § 3509(e).   The statute also dictates that the trial court's order closing the courtroom "shall be narrowly tailored to serve the Government's specific compelling interest."   *Id.*   This case-by-case determination of whether the courtroom should be closed is in accord with the Supreme Court's decisions in *Globe Newspaper Co.   See Globe Newspaper Co.*, 457 U.S. at 609 ("That interest [safeguarding the physical and psychological well-being of a minor] could be served just as well by requiring the trial court to determine on a case-by-case basis whether the State's legitimate concern for the well-being of the minor victim necessitates closure.   Such an approach ensures that the constitutional right of the press and public to gain access to criminal trials will not be restricted except where necessary to protect the State's interest.") and its subsequent decision in   *Waller v. Georgia*, 467 U.S. 37, 48 (1984).[2]   Further, unlike the facts in *Globe Newspaper Co.*, the names

---

[2]Subsequent to *Globe Newspaper Co.* the Supreme Court again considered the issue of courtroom closure in *Waller v. Georgia*, 467 U.S. 37, 48 (1984).   *Waller* requires that "the party seeking to close the hearing [ ] advance an overriding interest that is likely to be prejudiced, the closure [ ] be no broader than necessary to protect that interest, the trial court [ ] consider reasonable alternatives to closing the proceeding, and [the trial court] make findings

of the minor victims and witnesses have been kept confidential throughout this matter. Finally, defendant will not be prejudiced by the closure since he will be present in the courtroom to hear the evidence against him, and will have the opportunity to confront the juvenile witnesses.

The factors to be considered under *Globe Newspaper* are "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives." 457 U.S. at 608. In this case, the minors are currently 15-19 years old (but were between the ages of 12-17 when the charged offenses occurred, and between the ages of 7-17 when other sexual abuse by defendant Copp occurred) and all have expressed their wishes to the United States that the courtroom be closed during their testimony. The nature of the crimes charged herein involves the exploitation of the minor victims by means of the production of sexually explicit images of them. The case has received a great deal of media attention, and having to testify about these matters in open court may result in the minors being subjected to harassment by fellow students upon returning to school, which has already resulted from the prior publicity. These factors weigh heavily in favor of closing the courtroom during the witness's testimony and certainly during the testimony relating to the images of child pornography relating which will require displaying the images to the jury. Accordingly, to protect the privacy of, and prevent embarrassment or detriment to, the juvenile witnesses, the

---

adequate to support the closure." *Id.* However, *Waller* concerned the closure of a suppression hearing regarding wiretaps in a RICO and gambling case, not in a child victim case, *id.* at 41. where the overriding public interest in the "psychological well-being of a child" was determined to be a compelling interest. 457 U.S. at 609. In *Waller*, the Court approvingly cited its *Globe Newspaper Co.* holding, but did not elaborate on the differences between the two factual situations. The government contends that following the more specifically tailored holding in *Globe Newspaper Co.* will also comport with the *Waller* guidelines.

United States respectfully requests that the courtroom be closed during the testimony of the minor witnesses and partially closed during the publishing of the images of child pornography. The courtroom should be closed to the members of the press, as well as to all persons not having a direct interest in this case.   See 18 U.S.C. § 3509(e).

Regarding the partial closing of the courtroom when images of the minor victims are displayed to the Court and the trial participants, the government simply asks that the images not be displayed on the monitors visible to the courtroom spectators.   Here the potential for embarrassment and psychological harm to the victims is obvious.   Indeed the distress caused by knowing that their nude images have been subject to public dissemination, is a recognized component of restitution claims for other child pornography victims, and should therefore be avoided.   *E.g.   United States v. Ontiveros*, 2011 WL 2447721 *4 ( N.D.Ind.,2011); *United States v. Brunner*, 2010 WL 148433 *2 (W.D.N.C.,2010).   Also, as the defendant recently informed the parties that he would be proceeding pro se, the victims would be traumatized by seeing the perpetrator in the courtroom and answering his questions face-to-face. *See United States v. Brown*, 528 F.3d 1030 ( 8th Cir. 2008).   Therefore, the Government also moves that the defendant be required to remain at counsel table when questioning the victims.

Finally, the government contends that due to the Court's obligation to make specific findings related to psychological harm to the victims involved, the government requests that the Court allow the Government to proffer evidence relating to this issue during the pretrial conference on April 9, 2018.

7

**CONCLUSION**

Based on the foregoing the government requests the Court grant the motion to the extent that any child victims or witnesses be referred to by the pseudonym "Jane Doe 1" *et sequentia* in all future pleadings and hearings in this matter, to seal the courtroom during the testimony of all victim/witnesses in this case, with the exception of the presence of the witness' counselor or victim advocate, to prohibit the presentation of the images of child pornography in this case upon public monitors in the courtroom and to require the defendant to remain at counsel table when questioning the victims.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, 53350MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200


**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2018, the attached was filed electronically with the Clerk of the Court and served by way of this Court's Electronic Notification System upon all counsel of record, and mailed to defendant Loren Copp at the St. Charles County Adult Detention Center, 301 N. Second Street, St. Charles, MO 63301.

*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, 53350MO
Assistant United States Attorney