UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:16-cr-159-AGF |
| | ) |
| LOREN A. COPP, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S REPLY TO GOVERNMENT'S NOTICE OF INTENT TO USE 413 EVIDENCE AND MOTION TO EXCLUDE</u>**

COMES NOW Defendant, acting *pro se,* and hereby objects to the Governments' attempt to introduce evidence pursuant to Federal Rule of Evidence 413.  Defendant requests that this Court order the evidence described in the Government's Notice excluded from trial.  As grounds therefore, Defendant submits this memorandum.

As an initial matter, the Government concludes that "Both the defendant's prior sexual abuse and his current charged offenses fall within the defined 'sexual assault parameters."  Doc. 146.  This is not so.  The Government correctly states that Rule 413 applies in any case in which a defendant is accused of a sexual assault, and that Rule 413 defines a "sexual assault" as any crime involving "any conduct prohibited by 18 U.S.C. chapter 109A[.]"

However, Defendant is not charged with an offense under 18 U.S.C. chapter 109A.  18 U.S.C. chapter 109A encompasses Sections 2241 through 2248.  Defendant is charged with three counts in violation of 18 U.S.C. 2251(a), one count in violation of 18 U.S.C. 2252A(a)(5)(b), two counts in violation of 18 U.S.C. 2422(b), and three counts I violation of 18 U.S.C. 2425.  These charges fall into Chapters 110 and 117 of Title 18.  The applicability of Rule 413 turns on

a defendant being charged with a crime under Chapter 109a, an allegation is insufficient.  *United States v. Courtright*, 632 F.3d 363, 368 (7th Cir. 2011).  Because Defendant has not been charged with a crime contained within Chapter 109A, Rule 413 does not apply.

The Government apparently seeks to admit evidence of "Facebook chats between 'Jane Doe' and a Facebook account [allegedly] utilized by Copp which purported to be used by a 13 year-old girl named 'Chrissy.'"  The Government seeks to admit, pursuant to Rule 413 evidence that a picture associated with the account was located on a computer owned by Copp, and evidence that would otherwise link the accounts to Copp.

Rule 413 defines sexual abuse in a variety of ways, including conduct within 18 U.S.C. 109A, contact without consent between the defendant and another (or specific parts of the body of either), deriving sexual pleasure from inflicting death, bodily injury, or physical pain on another, or attempt or conspiracy to commit any of the preceding.  Standing alone, evidence of the presence of the "Chrissy" picture and of the provenance of the account are facially not evidence of sexual assault, so as to fall within Rule 413's purview.

The Government also seeks to admit examples of the chats between "Chrissy" and "Jane Doe," which reference "sexual activity and/or sexually explicitly conduct between "Jane Doe" and Copp during the dates alleged in the indictment, which constitutes sexual abuse."  It is unclear if the Government contends that the "chats" themselves, or the activity and conduct referenced in the chats are what constitutes sexual abuse.  If the former, none of the definitions described above apply.  If the former, the lack of specificity in the Government's notice makes it impossible to determine if the conduct applies.

Even if relevant, Rule 413 evidence's admissibility hinges on whether the testimony's probative value is substantially outweighed by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." *United States v. Never Misses A Shot*, 781 F.3d 1017, 1027 (8th Cir. 2015) (internal citations omitted).

The evidence described above and all other evidence the Government seeks to admit pursuant to Rule 413 runs afoul of all the factors listed in Rule 403.  It is unduly prejudicial, confusing and misleading, will result in undue delay and wasting time, or needlessly cumulative.

Respectfully submitted,

*/s/ Loren Copp*
Defendant, Pro Se[1]

---

[1] Per Defendant's request, this document is filed and served to opposing counsel by standby counsel.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:16-cr-159-AGF |
| | ) |
| LOREN A. COPP, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2018, and at the request of Defendant Loren Copp, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Colleen C. Lang and Ms. Jennifer A. Winfield, assistant United States attorneys.

**DEFENDANT'S REPLY TO GOVERNMENT'S NOTICE OF INTENT TO USE 413 EVIDENCE AND MOTION TO EXCLUDE**

ROSENBLUM, SCHWARTZ & FRY, PC

By: /s/ Nathan T. Swanson

NATHAN T. SWANSON, #62615MO

Attorney for Defendant

120 S. Central Avenue, Suite 130

Clayton, Missouri 63105

(314) 862-4332/Facsimile (314)862-8050