UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:16-cr-159-AGF |
| | ) |
| LOREN A. COPP, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY TO GOVERNMENT'S NOTICE OF INTENT TO USE 414 EVIDENCE AND MOTION TO EXCLUDE

COMES NOW Defendant, acting *pro se*, and hereby objects to the Governments' attempt to introduce evidence pursuant to Federal Rule of Evidence 414.  Defendant requests that this Court order the evidence described in the Government's Notice excluded from trial.  As grounds therefore, Defendant submits this memorandum.

According to Federal Rule of Evidence 414, admission of evidence of similar child molestations is governed by a two-step enquiry.  First, the other offense must be similar, to establish relevancy.  Once relevance is determined, admissibility hinges on whether the testimony's probative value is substantially outweighed by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." *United States v. Never Misses A Shot*, 781 F.3d 1017, 1027 (8th Cir. 2015) (internal citations omitted).

As an initial matter, the evidence at issue is not similar, and is thus not relevant.  Evidence of a prior child molestation is relevant if it was "committed in a manner similar to the charged offense."  *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016).  For example, the allegations of another, unnamed "student" who allegedly had sexual contact with Defendant,

with no evidence of age and no allegations of production of child pornography, has little similarity with the charges.  With regard to the Rule 403 balancing issue, the evidence is highly cumulative.  The Eighth Circuit has indicated that propensity evidence of the type admissible pursuant to Rule 413 should be limited.  "As this court approvingly noted in *United States v. Crow Eagle,* the district court properly limited the number of Rule 413 and 414 witnesses to three because of their relevance and because the district court remarked that **'at some point it does seem enough is enough.'** 705 F.3d at 328; *see also United States v. Carter,* 410 F.3d 1017, 1022 (8th Cir.2005) (upholding the district court's limiting to three Rule 413 and 414 witnesses); *United States v. Gabe,* 237 F.3d 954, 959–960 (8th Cir.2001) (upholding the district court's allowance of two Rule 413 and 414 witnesses)." *United States v. Never Misses A Shot*, 781 F.3d 1017, 1028 (8th Cir. 2015) (Emphasis in original).

Even if relevant, Rule 414 evidence's admissibility hinges on whether the testimony's probative value is substantially outweighed by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." *United States v. Never Misses A Shot*, 781 F.3d 1017, 1027 (8th Cir. 2015) (internal citations omitted).

The evidence described above and all other evidence the Government seeks to admit pursuant to Rule 414 runs afoul of all the factors listed in Rule 403.  It is unduly prejudicial, confusing and misleading, will result in undue delay and wasting time, or needlessly cumulative

Here, the Government seeks to admit, among other things, uncounted images of child pornography, allegedly found on Defendant's computers, along with the child pornography that forms the basis of one of the charges against him.  This is unnecessarily cumulative, and probative of no fact at issue.

Finally, the admission of the allegations contained within the Government's notice are different from the vast majority of cases analyzing Rule 414, in a way that renders then highly prejudicial.  Specifically, the majority of cases that discuss Rule 414 evidence involve evidence of accusations from other sources, times, and places, then the allegations that lead to the charges.  Here, the Government seeks to admit evidence of child pornography that was located at the same time as that which forms the basis of the charges against Defendant, but that the Government declined to include in the indictment.  Similarly, the Government seeks to admit evidence from the specific victims of the charges.

While Rule 414 is designed to permit the admission of propensity evidence, the evidence at issue is more insidious then that.  It is simply an attempt by the Government to permit admission of evidence of other, uncharged bad acts that allegedly occurred in parallel to, or along with, the charged conduct, prove those acts to a quantum of proof below reasonable doubt, and then argue that because those acts are true, the allegations forming the complaint are true.

WHEREFORE, Defendant respectfully requests this honorable Court enter an order excluding the evidence described within the Government's Rule 414 Notice.

                                                      Respectfully submitted,

                                                      */s/ Loren Copp*
                                                      Defendant, Pro Se[1]

---

[1] Per Defendant's request, this document is filed and served to opposing counsel by standby counsel.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:16-cr-159-AGF |
| | ) |
| LOREN A. COPP, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2018, and at the request of Defendant Loren Copp, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Colleen C. Lang and Ms. Jennifer A. Winfield, assistant United States attorneys.

**DEFENDANT'S REPLY TO GOVERNMENT'S NOTICE OF INTENT TO USE 414 EVIDENCE AND MOTION TO EXCLUDE**

ROSENBLUM, SCHWARTZ & FRY, PC

By:  /s/ Nathan T. Swanson
NATHAN T. SWANSON, #62615MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332/Facsimile (314)862-8050