UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. S1-4:16CR00159 AGF |
| | ) | |
| LOREN ALLEN COPP, | ) | |
| a/k/a "Sensei," | ) | |
| | ) | |
| Defendant. | ) | |

**LEGAL ELEMENTS OF CHARGED OFFENSES**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B.

Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield and

Colleen C. Lang, Assistant United States Attorneys for said District, and in response to this

Court's May 14, 2018 order (Doc. 208), submits the following memorandum outlining the legal

elements for each offense charged in the superseding indictment:

On March 29, 2017, a federal grand jury filed a superseding indictment on the defendant

on Counts One and Two: Production of Child Pornography in violation of Title 18 U.S.C.

Section 2252(a); Count Three: Attempted Production of Child Pornography in violation of Title

18 U.S.C. Section 2252(a); Count Four: Possession of Child Pornography in violation of Title 18

U.S.C. Section 2252(a)(5)(B); Counts Five and Six: Use of Interstate Facilities to Persuade,

Induce, Entice, or Coerce a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C.

Section 2422 and Counts Seven, Eight and Nine: Use of Interstate Facilities to Transmit

Information with the Intent to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity

in violation of Title 18 U.S.C. Section 2425.   Copp pled not guilty, waived a jury trial and from April 11, 2018 to April 24, 2018, this Court conducted a bench trial. Thereafter on May 14, 2018, the Court issued an order directing the United States to file a memorandum outlining the legal elements for each charge with supporting authority.

**<u>COUNT ONE</u>**:

Pursuant to Title 18, United States Code, Section 2251, the crime of sexual exploitation of a child, as charged in Count One of the Indictment, has four elements, which are:

*One*,  that between on or about October 2009, and on or about October 15, 2015, "Jane Doe 1" was under the age of eighteen years;

*Two*,  the defendant knowingly employed, used, persuaded, induced, enticed, or coerced "Jane Doe 1" to engage in sexually explicit conduct;

*Three*,  the defendant acted with the purpose of producing a visual depiction of such conduct; and

*Four*,  that on or before October 15, 2015, the exact dates being unknown, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by a camera or a Hitachi Deskstar SATA hard drive, Serial Number: VFG111R5EP3ZGF.

The government is not required to prove that the defendant knew that "Jane Doe 1" was under the age of eighteen.

*Eighth Circuit Model Pattern Instruction 6.18.2251(a)*;
*United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999);
*United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir.2007);
*United States v. Blue Bird*, 372 F.3d 989, 993 (8th Cir.2004);
*United States v. Schwarte*, 645 F.3d 1022, 1030-1031, (8th Cir. 2011);
*United States v. Young*, 613 F.3d 735, 743 (8th Cir. 2010);
*United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.1986);
*United States v. Fadl*, 498 F.3d 862, 866-867 (8th Cir.2007);
*United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir.2009);
*United States v. Lohse*, 797 F.3d, 515, 520 (8th Cir. 2015);

**COUNT TWO**:

Pursuant to Title 18, United States Code, Section 2251, the crime of sexual exploitation

of a child, as charged in Count Two of the Indictment, has four elements, which are:

*One*,  that between on or about January 1, 2013, and on or about October 15, 2015, "Jane Doe 5" was under the age of eighteen years;

*Two*,  the defendant knowingly employed, used, persuaded, induced, enticed, or coerced "Jane Doe 5" to engage in sexually explicit conduct;

*Three*,  the defendant acted with the purpose of producing a visual depiction of such conduct; and

*Four*,  that on or before October 15, 2015, the exact dates being unknown, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by a camera or a Hitachi Deskstar SATA hard drive, Serial Number: VFG111R5EP3ZGF.

The government is not required to prove that the defendant knew that "Jane Doe 5" was under

the age of eighteen.

*Eighth Circuit Model Pattern Instruction 6.18.2251(a)*;
*United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999);
*United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir.2007);
*United States v. Blue Bird*, 372 F.3d 989, 993 (8th Cir.2004);
*United States v. Schwarte*, 645 F.3d 1022, 1030-1031, (8th Cir. 2011);
*United States v. Young*, 613 F.3d 735, 743 (8th Cir. 2010);
*United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.1986);
*United States v. Fadl*, 498 F.3d 862, 866-867 (8th Cir.2007);
*United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir.2009);
*United States v. Lohse*, 797 F.3d, 515, 520 (8th Cir. 2015);
*United States v. Theis*, 2015 WL 4066712, *3-4 (Dist. Kansas July 1, 2015)(the term "uses" is satisfied if a minor is photographed in order to create pornography, and a minor can actively be used as the subject of a photograph even unwittingly).
*United States v. Keller*, 2009 WL 2475454, *3 (E.D. Michigan August 11, 2009)(where the defendant videotaped a vulnerable child without her knowledge and duplicated the recording using different speeds, and the court held §2251(a) is constitutional even as applied to purely local production and possession of child pornography).

**<u>COUNT THREE</u>**:

Pursuant to Title 18, United States Code, Section 2251, the crime of attempted sexual exploitation of a minor, as charged in Count Three of the Indictment, has four elements, which are:

*One*,    that between on or about 2007, and on or about October 15, 2015, "Jane Doe 3" and "Jane Doe 4" were under the age of eighteen years;

*Two*,    the defendant knowingly attempted to use, persuade, induce, entice, or coerce "Jane Doe 3" and "Jane Doe 4" to engage in sexually explicit conduct;

*Three*,    the defendant acted with the purpose of attempting to produce a visual depiction of such conduct; and

*Four*,    that on or before October 15, 2015, the exact dates being unknown, the materials used to attempt to produce the visual depictions had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by a video camera or Hitachi hard drive, Serial Number: CGCD7WHC.

*Eighth Circuit Model Pattern Instructions 6.18.2251(a)*;
*United States v. Pierson*, 544 F.3d 933 (8th Cir. 2008)(Jury Instruction No. 10 from *United States v. Pierson*, 4:07 CR 134 REL RAW (S.D. Iowa) Doc. #45 at p. 10. A person is "used" if they are photographed, video recorded, or videotaped);
*United States v. Johnson*, 639 F.3d 433, 440 (8th Cir. 2011);
*United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999);
*United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir.2007);
*United States v. Blue Bird*, 372 F.3d 989, 993 (8th Cir.2004);
*United States v. Schwarte*, 645 F.3d 1022, 1030-1031, (8th Cir. 2011);
*United States v. Young*, 613 F.3d 735, 743 (8th Cir. 2010);
*United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.1986);
*United States v. Fadl*, 498 F.3d 862, 866-867 (8th Cir.2007);
*United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir.2009);
*United States v. Lohse*, 797 F.3d, 515, 520 (8th Cir. 2015);
*United States v. Theis*, 2015 WL 4066712, *3-4 (Dist. Kansas July 1, 2015)(the term "uses" "is satisfied if a minor is photographed in order to create pornography, and a minor can actively be used as the subject of a photograph even unwittingly).
*United States v. Keller*, 2009 WL 2475454, *3 (E.D. Michigan August 11, 2009)(where the defendant videotaped a vulnerable child without her knowledge and duplicated the recording using different speeds, and the court held §2251(a) is constitutional even as applied to purely local production and possession of child pornography).

4

The crime charged in Count Three of the Indictment is attempted sexual exploitation of a child.   A person may be found guilty of an attempt if he intended to use, persuade, induce, entice, or coerce the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction and voluntarily and intentionally carried out some act which was a substantial step toward that production. *United States v. Schwarte*, 645 F.3d 1022, 1030-1031, (8th Cir. 2011). "A substantial step generally exists when a defendant takes actions 'necessary to the consummation of the crime' that were of 'such a nature that a reasonable observer, viewing [the actions] in context could conclude ... that [the actions were] undertaken in accordance with a design to' commit the actual offense." *United States v. Young*, 613 F.3d 735, 743 (8th Cir. 2010) (quoting *United States v. Mims*, 812 F.2d 1068, 1077 (8th Cir.1987).

Moreover, "the elements of attempt are (1) intent to commit the predicate offense, and conduct that is a substantial step toward its commission." *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir.2007) (citing *United States v. Blue Bird*, 372 F.3d 989, 993 (8th Cir.2004)). An attempt exists when a defendant's actions go "beyond mere preparation; [are] necessary to the consummation of the crime; and ... strongly corroborate [the defendant's] criminal intent to [commit the predicate offense]." *Id*.

The government is not required to prove that the defendant knew that "Jane Doe 3" and "Jane Doe 4" were under the age of eighteen.

**i.   Definition of Sexually Explicit Conduct as referenced in Counts One, Two and Three**

"Sexually explicit conduct" is defined as actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, oral-anal, whether between persons of the same or opposite sex; masturbation; and the lascivious exhibition of the genitals or pubic area of any

person. The definition of "sexually explicit conduct" includes the "lascivious exhibition of the genitals or pubic area of any person." Title 18, United States Code, Section 2256(2)(A)(v). The Eighth Circuit Court of Appeals held that a depiction is lascivious "when the child is nude or partially clothed, when the focus of the depiction is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer." *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999). "[E]ven images of children acting innocently can be considered lascivious if they are intended to be sexual." *Johnson*, 639 F.3d at 440. In *Johnson*, the court explained how to determine whether images were "lascivious:"

In determining whether images are "lascivious," we have referred to the criteria listed in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.1986). The factors in *Dost* included:

(1) whether the focal point of the picture is on the minor's genitals or pubic area;
(2) whether the setting of the picture is sexually suggestive;
(3) whether the minor is depicted in unnatural poses or inappropriate attire considering the minor's age;
(4) whether the minor is fully or partially clothed or is nude;
(5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; and
(6) whether the image is intended to elicit a sexual response in the viewer.

The Eighth Circuit Model Pattern Instruction 6.18.2252A "Lascivious" Explained, is modeled after the *Dost* factors. *United States v. Lohse*, 797 F.3d, 515, 520 (8th Cir. 2015). Also, in defining the term "lascivious," the *Lohse* Court instructed the jury to consider the six *Dost* factors and two other factors: (7) whether the image portrays the minor as a sexual object; and (8) any captions on the images. See *Eighth Circuit Model Criminal Jury Instructions 6.18.2252A* (citing *United States v. Arvin*, 900 F.2d 1385 (9th Cir.1990)).

6

**ii. Definition of Production as referenced in Counts One, Two and Three**

"It is also undisputed that production of child pornography for purposes of [18 U.S.C. §2251(a)] includes copying the images onto a computer hard drive or other digital device." *United States v. Terrell*, 700 F.3d 755, 762 (5th Cir. 2012). Several circuits have reached the conclusion that images are "produced" for purposes of § 2252(a)(4)(B) when they are copied or downloaded onto hard drives, disks, or CDs.  *United States v. Dickson*, 632 F.3d 186, 189 (5th Cir. 2011), See *United States v. Caley*, 355 Fed.Appx. 760 (4th Cir.2009); *United States v. Schene*, 543 F.3d 627, 638 (10th Cir.2008); *United States v. Angle*, 234 F.3d 326 (7th Cir.2000); *United States v. Lacy*, 119 F.3d 742 (9th Cir.1997).

Also, "Congress intended to retain a non-technical definition of the term 'producing' (that is, in the sense of creating or making), but also sought to expand its scope to include activities that may not be generally considered to fall with the typical meaning of the term. We therefore conclude that list of terms ... reflects Congress's intention to enact a broad definition of 'producing'....").  *United States v. Fadl*, 498 F.3d 862, 866-867 (8th Cir.2007); see also *United States v. Pattee*, 820 F.3d 496, 511 (2nd Cir. 2016) ("We agree with our sister circuits, however, that Congress did not limit the 'production' of child pornography as prohibited by § 2251(a) to the moment of recording, and that 'production' can encompass embodying the images or video in digital media, such as a hard drive or disk."); *United States v. Foley*, 740 F.3d 1079, 1086 (7th Cir. 2014) ("A jury could find that the means of copying or storage . . . are part of the production process, and are material that could satisfy the government's burden to prove the commerce element).

7

Lastly, "section 2251(a) does not require that the individual who induces the minor to engage in sexually explicit activities for the purpose of producing depictions of such be the same individual who produces the depictions on an item that has traveled in interstate commerce." *Terrell*, 700 F.3d at 763.

### iii.  Definition of Lascivious Display as referenced in Counts One, Two and Three

Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material.   You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).   A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area. *Eighth Circuit Model Pattern Instruction 6.18.2252A. See, e.g., Johnson*, 639 F.3d at 439–40; *United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir.2009); *Horn*, 187 F.3d at 789.

**<u>COUNT FOUR</u>**:

Pursuant to Title 18, United States Code, Section 2252A, the crime of possession of child pornography, as charged in Count Four of the Indictment, has three elements, which are:

*One*,  that between on or about 2013, and on or about October 15, 2015, defendant knowingly possessed a Hitachi Deskstar SATA hard drive, Serial Number: VFG111R5EP3ZGF, that contained multiple visual depictions of child pornography;

*Two*,  that the defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct; and

*Three*,  the material containing the visual depictions had been mailed, shipped, or transported in interstate of foreign commerce.

*Eighth Circuit Model Pattern Instructions 6.18.2252.*

## COUNT FOUR-SPECIAL FINDINGS

If you find the defendant "guilty" of Count Four you must answer the following:

Which of the following do you find was child pornography possessed by the defendant?

(Check each file that the Court unanimously agrees defendant possessed.)

\_\_\_\_\_  Image "14499769_561585270598055_127857667_n.jpg"

\_\_\_\_\_  Image "1360650.jpg"

\_\_\_\_\_  Image "ass with pussy open.jpg"

\_\_\_\_\_  Image "jkgX4TY.jpg"

\_\_\_\_\_  Image "042.jpg"

*United States v. Johnson*, 857 F.2d 500, 501–02 n.2 (8th Cir. 1988);
*United States v. Montgomery*, 819 F.2d 847, 851 (8th Cir. 1987);
*Sewell v. United States*, 406 F.2d 1289, 1293 n.3 (8th Cir. 1969);
*United States v. Smith*, 104 F.3d 145, 148 n.2 (8th Cir. 1997);
*United States v. Ali*, 63 F.3d 710, 716 (8th Cir. 1995);
*United States v. Henneberry*, 719 F.2d 941, 945 (8th Cir. 1983);
*United States v. Schwarte*, 645 F. 3d 1022, 1034 (8th Cir. 2011);
*United States v. Acosta,* 619 F.3d 956, 960-961 (8th Cir. 2010).

**i.  Definition of Possession**

The law recognizes several kinds of possession.   A person may have actual possession or constructive possession, sole or joint possession. See, 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, Criminal § 16.05 (5th ed. 2000); *United States v. Johnson*, 857 F.2d 500, 501–02 n.2 (8th Cir. 1988); *United States v. Montgomery*, 819 F.2d 847, 851 (8th Cir. 1987); *Sewell v. United States*, 406 F.2d 1289, 1293 n.3 (8th Cir. 1969).   A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.   A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. *United States v. Smith*, 104 F.3d 145, 148 n.2 (8th Cir. 1997); *United States v. Ali*, 63 F.3d 710, 716 (8th Cir. 1995). See also *United States v. Henneberry*, 719 F.2d 941, 945 (8th Cir. 1983) (definition of constructive possession).

Moreover, "constructive possession of contraband is established when a person has ownership, dominion or control over the pornographic material itself, or dominion over the premises in which the pornographic material is concealed." *United States v. Schwarte*, 645 F. 3d 1022, 1034 (8th Cir. 2011), quoting, *United States v. Acosta,* 619 F.3d 956, 960-961 (8th Cir. 2010)(quotation, alterations, and citation omitted) (borrowing the concept of constructive possession from a controlled-substance prosecution); *United States v. Grauer*, 701 F.3d 318, 324 (8th Cir. 2012) (finding a home-office laptop that no one else used regularly sufficient to establish constructive possession of child pornography). "Possession may be joint; it need not be exclusive...." *United States v. Brown*, 634 F.3d 435, 439 (8th Cir. 2011).

**<u>COUNT FIVE</u>**:

Pursuant to Title 18, United States Code, Section 2422, the crime of using any facility or means of interstate commerce to persuade, induce, entice, coerce a minor to engage in any sexual activity for which any person can be charged with a criminal offense as charged in Count Five of the Indictment has three elements, which are:

> *One*,  that between on or about January 8, 2013, and on or about October 15, 2015, the defendant knowingly used the internet or other electronic means to persuade, induce, entice or coerce "Jane Doe 3," who was under the age of eighteen (18) years of age, to expose her breasts;
>
> *Two*,  the defendant believed that "Jane Doe 3" was less than eighteen (18) years of age; and
>
> *Three*, that based upon the sexual activity that occurred, the defendant could have been charged with a criminal offense under the laws of the state of Missouri.

*Eighth Circuit Model Pattern Instructions 6.18.2422(B);*
*United States v. Helder*, 452 F.3d 751, 756 (8th Cir. 2006)(defendant need not know the age of the intended victim, so long as the defendant believes that the victim is under the age of eighteen and the Eighth Circuit has upheld attempt convictions under section 2422(b) where the means of interstate communication used was the internet);
*United States v. Dickson*, 149 Fed. Appx 543, 544 (8th Cir. 2005);
*United States v. Bailey*, 228 F.3d 637, 638–39 (6th Cir. 2000)(there is no requirement that the defendant complete a sex act with the intended victim to support a conviction under this section, even if the crime is not charged as an attempt);
*United States v. Daniels*, 685 F.3d 1237, 1249-1250 (11th Cir. 2012);
*United States v. Harmon*, 539 Fed. Appx. 455-467 (6th Cir. 2014);
*United States v. Dhingra*, 371 F. 3d 557, 568 (9th Cir. 2004)(so long as a defendant's actions constitute the act of persuading, inducing, enticing, or coercing a minor to engage in criminal sexual activity, § 2422(b) applies);
*United States v. Remoi*, 404 F.3d 789, 795 (3rd Cir. 2005)(the minor victim's alleged willingness to engage in sexual conduct with or at the behest of the defendant is irrelevant to whether the defendant is guilty of violating either 18 U.S.C. § 2422(b) or § 2251(a), so long as defendant used, persuaded, induced or attempted to induce her to engage in criminal sexual activity (§ 2422(b)) or sexually explicit conduct for the purpose of producing a visual depiction of such conduct (§ 2251(a)), the statutes were violated);
*United States v. Sibley*, No. 15-4232, 2017 WL 900112, at *4 (6th Cir. Mar. 7, 2017)(minor victim's consent irrelevant to whether defendant violated § 2251(a));
*United States v. Raplinger*, 555 F.3d 687, 692 (8th Cir. 2009)(minor victim's willingness to engage in sexual conduct irrelevant to whether defendant violated 18 U.S.C. § 2251(a) and district court did not err by excluding such evidence pursuant to Rule 412);
*United States v. Ausburn*, No. 11-451, 2011 WL 2938019, at *7 (W.D. Pa. July 18, 2011)(counsel was not ineffective for failing to argue that the minor victim actually pursued the defendant in a §

2422(b) enticement case because such an argument, "pushing blame on the child-victim," would have been meritless).

**<u>COUNT SIX</u>**:

Pursuant to Title 18, United States Code, Section 2422, the crime of using any facility or means of interstate commerce to persuade, induce, entice, coerce a minor to engage in any sexual activity for which any person can be charged with a criminal offense as charged in Count Six of the Indictment has three elements, which are:

*One*,   that between on or about January 8, 2013, and on or about October 15, 2015, the defendant knowingly used the internet or other electronic means to persuade, induce, entice or coerce "Jane Doe 5," who was under the age of eighteen (18) years of age, to expose her breasts;

*Two*,   the defendant believed that "Jane Doe 5" was less than eighteen (18) years of age; and

*Three*, that based upon the sexual activity that occurred, the defendant could have been charged with a criminal offense under the laws of the state of Missouri.

It is not necessary for the government to prove that the individual was, in fact, less than eighteen years of age; but it is necessary for the government to prove the defendant believed such individual to be under that age.

*Eighth Circuit Model Pattern Instructions 6.18.2422(B);*
*United States v. Helder*, 452 F.3d 751, 756 (8th Cir. 2006)(The defendant need not know the age of the intended victim, so long as the defendant believes that the victim is under the age of eighteen and the Eighth Circuit has upheld attempt convictions under section 2422(b) where the means of interstate communication used was the internet);
*United States v. Dickson*, 149 Fed. Appx 543, 544 (8th Cir. 2005)(where defendant initiated the conversation with the minor, tried to persuade her to engage in sexual activity, arranged to meet her for that purpose, and was waiting for her at the arranged time and place when he was arrested);
*United States v. Bailey*, 228 F.3d 637, 638–39 (6th Cir. 2000)(there is no requirement that the defendant complete a sex act with the intended victim to support a conviction under this section, even if the crime is not charged as an attempt);
*United States v. Daniels*, 685 F.3d 1237, 1249-1250 (11th Cir. 2012);
*United States v. Harmon*, 539 Fed. Appx. 455-467 (6th Cir. 2014);
*United States v. Dhingra*, 371 F. 3d 557, 568 (9th Cir. 2004)(so long as a defendant's actions constitute the act of persuading, inducing, enticing, or coercing a minor to engage in criminal sexual activity, § 2422(b) applies);

12

*United States v. Remoi*, 404 F.3d 789, 795 (3rd Cir. 2005)(the minor victim's alleged willingness to engage in sexual conduct with or at the behest of the defendant is irrelevant to whether the defendant is guilty of violating either 18 U.S.C. § 2422(b) or § 2251(a), so long as defendant used, persuaded, induced or attempted to induce her to engage in criminal sexual activity (§ 2422(b)) or sexually explicit conduct for the purpose of producing a visual depiction of such conduct (§ 2251(a)), the statutes were violated);
*United States v. Sibley*, No. 15-4232, 2017 WL 900112, at *4 (6th Cir. Mar. 7, 2017)(minor victim's consent irrelevant to whether defendant violated § 2251(a));
*United States v. Raplinger*, 555 F.3d 687, 692 (8th Cir. 2009)(minor victim's willingness to engage in sexual conduct irrelevant to whether defendant violated 18 U.S.C. § 2251(a) and district court did not err by excluding such evidence pursuant to Rule 412);
*United States v. Ausburn*, No. 11-451, 2011 WL 2938019, at *7 (W.D. Pa. July 18, 2011)(counsel was not ineffective for failing to argue that the minor victim actually pursued the defendant in a §2422(b) enticement case because such an argument, "pushing blame on the child-victim," would have been meritless).

## **COUNT SEVEN**:

Pursuant to Title 18, United States Code, Section 2425, the crime of use of interstate facilities to transmit the name of a minor with the intent to entice and encourage the minor to engage in sexual activity as charged in Count Seven of the Indictment has three elements, which are:

*One,*  that between on or about January 8, 2013, and on or about October 15, 2015, the defendant knowingly initiated the transmission of the name of "Jane Doe 1" by a facility or means of interstate or foreign commerce; and

*Two,*  the defendant knew that "Jane Doe 1" was less than sixteen (16) years of age at the time; and

*Three,*  the defendant intended to entice or encourage "Jane Doe 1" to engage in any sexual activity for which the defendant could have been charged with a criminal offense as charged in the indictment.

*Seventh Circuit Model Pattern Instruction, 18 U.S.C. §2425;*
*United States v. Giordano*, 442 F.3d 30, 39 (2nd Cir. 2006)(§2425's prohibition on the transmission of the name of a minor "using ... any facility or means of interstate ... commerce" for the specified purposes includes the intrastate use of such a facility or means);
*United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009)("It is beyond debate that the Internet and email are facilities or means of interstate commerce.");
*United States v. Tykarsky*, 446 F.3d 458, 470 (3rd Cir. 2006)(the facility of interstate commerce involved in this case—the Internet—is both 'an instrumentality and channel of interstate commerce);
*United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004)(Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a

primarily intrastate impact).

**COUNT EIGHT**:

Pursuant to Title 18, United States Code, Section 2425, the crime of use of interstate facilities to transmit the name of a minor with the intent to entice and encourage the minor to engage in sexual activity as charged in Count Eight of the Indictment has three elements, which are:

> *One,* that between on or about January 8, 2013, and on or about October 15, 2015, the defendant knowingly initiated the transmission of the name of "Jane Doe 3" by a facility or means of interstate or foreign commerce; and
>
> *Two,* the defendant knew that "Jane Doe 3" was less than sixteen (16) years of age at the time; and
>
> *Three,* the defendant intended to entice or encourage "Jane Doe 3" to engage in any sexual activity for which the defendant could have been charged with a criminal offense as charged in the indictment.

*Seventh Circuit Model Pattern Instruction, 18 U.S.C. §2425;*
*United States v. Giordano*, 442 F.3d 30, 39 (2nd Cir. 2006)(§2425's prohibition on the transmission of the name of a minor "using ... any facility or means of interstate ... commerce" for the specified purposes includes the intrastate use of such a facility or means);
*United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009)("It is beyond debate that the Internet and email are facilities or means of interstate commerce.");
*United States v. Tykarsky*, 446 F.3d 458, 470 (3rd Cir. 2006)(the facility of interstate commerce involved in this case—the Internet—is both 'an instrumentality and channel of interstate commerce);
*United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004)(Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact).

**COUNT NINE**:

Pursuant to Title 18, United States Code, Section 2425, the crime of use of interstate facilities to transmit the name of a minor with the intent to entice and encourage the minor to engage in sexual activity as charged in Count Nine of the Indictment has three elements, which are:

> *One,* that between on or about January 8, 2013, and on or about October 15, 2015, the defendant knowingly initiated the transmission of the name of "Jane Doe 5" by a facility or means of interstate or foreign commerce; and

*Two,*   the defendant knew that "Jane Doe 5" was less than sixteen (16) years of age at the time; and

*Three,* the defendant intended to entice or encourage "Jane Doe 5" to engage in any sexual activity for which the defendant could have been charged with a criminal offense as charged in the indictment.

*Seventh Circuit Model Pattern Instruction, 18 U.S.C. §2425;*
*United States v. Giordano*, 442 F.3d 30, 39 (2ⁿᵈ Cir. 2006)(§2425's prohibition on the transmission of the name of a minor "using ... any facility or means of interstate ... commerce" for the specified purposes includes the intrastate use of such a facility or means);
*United States v. Barlow*, 568 F.3d 215, 220 (5ᵗʰ Cir. 2009)("It is beyond debate that the Internet and email are facilities or means of interstate commerce.");
*United States v. Tykarsky*, 446 F.3d 458, 470 (3ʳᵈ Cir. 2006)(the facility of interstate commerce involved in this case—the Internet—is both 'an instrumentality and channel of interstate commerce);
*United States v. Hornaday*, 392 F.3d 1306, 1311 (11ᵗʰ Cir. 2004)(Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact).

### i.   Definitions of terms as referenced in Counts One through Six:

Pursuant to Title 18, United States Code, Sections 2252, 2252A and 2256, the following terms should be used in Counts One through Six:

"Minor" means any person under the age of eighteen years.

"Child pornography" means any visual depiction of a minor engaging in sexually explicit conduct, where the minor was engaged in the sexually explicit conduct during production of the depiction.

"Visual depiction" includes any photograph, video or picture, whether made or produced by electronic, mechanical, or other means. It includes data stored on a computer disk or by electronic means, which is capable of conversion into a visual image.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, oral-anal, whether between persons of the same or opposite sex; masturbation, sadistic or masochistic abuse, lascivious exhibition of the genitals or pubic area of any person.

"Used" if they are photographed, video recorded, or videotaped.

"Produced" if it is produced, directed, manufactured, issued, published, advertised, created, made, or is in any other way brought into being by the involvement of an

individual participating in the recording of child pornography.

**ii. Missouri State Law regarding Sexual Activity for Which the Defendant Could Have Been Charged as referenced in Counts Five through Nine**

As described in Counts Five through Nine, sexual activity for which the defendant could have

been charged under the laws of Missouri, is the crime of Sexual Misconduct Involving a Child by

Coercion or Inducement, and that crime has five elements, which are:

*One,*    the defendant knowingly coerced or induced "Jane Doe" to expose her genitals or breasts; and

*Two,*    "Jane Doe" did expose her genitals or breasts through the internet or electronic means; and

*Three,* the defendant did so for the purpose of arousing or gratifying the sexual desire of himself; and

*Four*,    that at that time "Jane Doe" was less than fifteen (15) years old, and

*Five*,    the defendant knew or was aware that "Jane Doe" was less than fifteen (15) years old.

The provisions of this section shall apply regardless of whether the person violates this

section in person or via the internet or other electronic means.

*Missouri State Criminal Jury Instruction 320.29.2 (modified)*
*Missouri Revised Statute §566.083 (until December 31, 2016)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

16

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. S1-4:16 CR 159 AGF |
| | ) |
| LOREN ALLEN COPP, | ) |
| a/k/a "Sensei," | ) |
| | ) |
| Defendant. | ) |

## **VERDICT**

## **COUNT ONE**

The Court finds the defendant, **LOREN ALLEN COPP** _____

(guilty or not guilty)

of the crime of production of child pornography, as to "Jane Doe 1," as charged in Count One.

## **COUNT TWO**

The Court finds the defendant, **LOREN ALLEN COPP** _____

(guilty or not guilty)

of the crime of production of child pornography, as to "Jane Doe 5," as charged in Count Two.

## **COUNT THREE**

The Court finds the defendant, **LOREN ALLEN COPP** _____

(guilty or not guilty)

of the crime of attempted production of child pornography, as to "Jane Doe 3" and "Jane Doe 4,"

as charged in Count Three.

## **COUNT FOUR**

17

The Court finds the defendant, **LOREN ALLEN COPP** _____

(guilty or not guilty)

of the crime of possession of child pornography, as charged in Count Four.

## COUNT FOUR-SPECIAL FINDINGS

If you find the defendant "guilty" of Count Four you must answer the following:

Which of the following do you find was child pornography possessed by the defendant?

(Check each file that the jury unanimously agrees defendant possessed.)

_____ Image "14499769_561585270598055_127857667_n.jpg"

_____ Image "1360650.jpg"

_____ Image "ass with pussy open.jpg"

_____ Image "jkgX4TY.jpg"

_____ Image "042.jpg"

## COUNT FIVE

The Court finds the defendant, **LOREN ALLEN COPP** _____

(guilty or not guilty)

of the crime of persuading, inducing, enticing or coercing "Jane Doe 3" to engage in sexual

activity, for which any person can be charged with a criminal offense, as charged in Count Five.

## COUNT SIX

The Court finds the defendant, **LOREN ALLEN COPP** _____

(guilty or not guilty)

of the crime of persuading, inducing, enticing or coercing "Jane Doe 5," to engage in sexual

activity, for which any person can be charged with a criminal offense, as charged in Count Six.

## COUNT SEVEN

The Court finds the defendant, **LOREN ALLEN COPP** _____

(guilty or not guilty)

of the crime of use of interstate commerce with intent to transmit the name of "Jane Doe 1" who

had not attained the age of sixteen, with the intent to entice or encourage "Jane Doe 1" to engage

in sexual activity, for which any person can be charged with a criminal offense, as charged in

Count Seven.

## COUNT EIGHT

The Court finds the defendant, **LOREN ALLEN COPP** _____

(guilty or not guilty)

of the crime of use of interstate commerce with intent to transmit the name of "Jane Doe 3" who

had not attained the age of sixteen, with the intent to entice or encourage "Jane Doe 3" to engage

in sexual activity, for which any person can be charged with a criminal offense, as charged in

Count Eight.

## COUNT NINE

19

The Court finds the defendant, **LOREN ALLEN COPP** _____

                                                              (guilty or not guilty)

of the crime of use of interstate commerce with intent to transmit the name of "Jane Doe 5" who

had not attained the age of sixteen, with the intent to entice or encourage "Jane Doe 5" to engage

in sexual activity, for which any person can be charged with a criminal offense, as charged in

Count Nine.


                                        _____
                                        Audrey G. Fleissig
                                        United States District Court Judge



Dated:   _____



                              Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, 53350MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200


## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2018, the attached was filed electronically with the Clerk of the Court and served by way of this Court's Electronic Notification System upon all counsel of record, and sent via email to the St. Charles County Adult Detention Center, 301 N. Second Street, St. Charles, MO 63301, to be hand delivered to defendant Loren Copp.


*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, 53350MO
Assistant United States Attorney


21