UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:16 CR 000159 AGF |
| | ) | |
| LOREN ALLEN COPP, a/k/a/ "Sensei" | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE PRESENTENCE INVESTIGATION RESPORT AND TO CONTINUE THE SENTENCING HEARING**

COMES NOW the United States of America, by and through Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, Jennifer A. Winfield, Assistant United States Attorney for said District, and hereby objects to a 30 day extension for the defendant to file his objections to the presentence report ("PSR") and to continue the sentencing hearing in this matter.  (Docs. 222 & 226).  In support thereof, the Government states the following:

1. On April 7, 2016, a complaint was filed in federal court against defendant Loren Copp ("Copp"), charging one Count of Production of Child Pornography.  On April 14, 2016, a federal grand jury indicted the defendant on Counts One and Two: Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a); Count Three: Attempted Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a) and Count Four: Possession of Child Pornography in violation of Title 18 U.S.C. Section 2252(a)(5)(B).

2. Following, between May 9, 2016, and March 7, 2017, Copp filed eleven (11) motions to continue the evidentiary hearing in this matter.

3. On March 29, 2017, a federal grand jury filed a superseding indictment on defendant Copp on Counts One and Two: Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a); Count Three: Attempted Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a); Count Four: Possession of Child Pornography in violation of Title 18 U.S.C. Section 2252(a)(5)(B); Counts Five and Six: Use of Interstate Facilities to Persuade, Induce, Entice, or Coerce a Minor to Engage in Sexual Activity in violation of

    Title 18 U.S.C. Section 2422 and Counts Seven, Eight and Nine: Use of Interstate Facilities to Transmit Information with the Intent to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2425.

4. Finally, on June 15, 2017, the evidentiary hearing was held in this matter. On September 19, 2017, the Memorandum, Report and Recommendations was filed and the case was set for trial on November 6, 2017.

5. On September 26, 2017, the defendant filed a motion to continue the trial, and the matter was then set for trial on February 5, 2018.

6. Once again, on January 10, 2018, the defendant filed another motion to continue the trial, and it was set for April 16, 2018.

7. On April 2, 2018, defendant Copp waived a jury trial, and voluntarily and knowingly chose to represent himself at trial. Retained attorney Nathan Swanson was designated as stand-by counsel.

8. This Court conducted a bench trial from April 11, 2018 to April 24, 2018.

9. On May 14, 2018, this Court issued an order directing the government to file a memorandum by May 21, 2018, outlining the legal elements for each charge listed in the superseding indictment with supporting authority.

10. In response to this Court's order, on May 21, 2018, the government submitted a memorandum outlining the legal elements for each offense charged in the superseding indictment.

11. On June 19, 2018, the government filed a motion for a status hearing, which was denied by this Court on June 22, 2018.

12. The verdicts in this matter were returned on December 26, 2018. On that same date, the Court ordered that Copp's Objections to the PSR were due by March 15, 2019. The aforementioned amount of time to file PSR objections is not outside the normal time-period allotted to defense counsel and other pro se defendants who are similarly situated to defendant Copp.

13. On January 4, 2019, Copp outlined 19 grounds in his motions for a new trial and judgement of acquittal. On January 24, 2019, the government filed its response.

14. On January 31, 2019, Copp filed a motion for extension of time to file a reply to the government's response and a request for trial transcripts.

15. On March 13, 2019, Copp filed a motion to extend his time to file PSR objections and to continue the sentencing hearing in this matter.

16. As outlined above, this is yet another tactic by defendant Copp to harass the victims and purposely continue to delay the conclusion of this matter.  Therefore, the government vehemently objects to the sentencing hearing being continued.

17. Copp was able to file a written motion for a new trial that alleged 19 distinct claims to support his motion. The ability to file a written reply to the government's response is not a legitimate or legal basis to continue the sentencing hearing.

18. Copp has not provided a basis as to how access to the trial transcript would aid him in a reply to the government's response, when he has already outlined 19 grounds in his previously filed motion for a new trial.  There is no constitutional right to reply to the government's response.  See Brecht v. Abrahamson, 507 U.S. 619, 637–638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that federal habeas relief is unwarranted unless the error had a "substantial and injurious effect or influence" on the trial outcome); Mitchell v. Wyrick, 698 F.2d 940, 942 (8th Cir.) (rejecting a habeas claim premised on a lack of a trial transcript where the petitioner "failed to show how having the complete record could have benefitted him"), cert. denied, 462 U.S. 1135, 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983); Quintero v. Tilton, 588 F.Supp.2d 1121, 1128 (C.D.Cal.2008) (stating that "the absence of a perfect transcript does not violate due process absent a showing of specific prejudice.").

19. Even further, this matter does not involve a request for trial transcripts after a mistrial or on appeal. Therefore, the government is unaware of any precedent set in this Circuit to support the granting of this unreasonable and excessive amount of time, when Copp has already filed a motion for a new trial.  See Handy v. Giurbino, 2013 WL 3467063, *13-14 (W.D.Cal 2013), see Crosby v. Warden, 2012 WL 4022434, *9 (C.D.Cal.2012) (no clearly established Supreme Court law provides indigent defendants with a right to transcripts in order to prepare a motion for a new trial), report and recommendation adopted, 2012 WL 3590878 (C.D.Cal.2012); Cox v. McEwen, 2011 WL 6107874, *18–19 (C.D.Cal.2011) (same), report and recommendation adopted, 2011 WL 6107136 (C.D.Cal.2011).

20. In addition, per an administrator with the St. Charles County Jail ("SCCJ"), since December 26, 2018 (the date on which verdicts were rendered in this matter), Copp has requested access to the law library and each time was granted such access.  Also, per the SCCJ, there is no limit on how often Copp can request access to the law library.  Thus, Copp's position that he cannot access the law library is just an additional tactic to delay the proceedings, and to continue to abuse the victims and their families.

21. Furthermore, counsel for the United States recognizes and acknowledges that under the Crime Victim's Rights Act ("CVRA"), the government is the "lawful representative" of crime victims and may assert rights on their behalf. 18 U.S.C.

§3771(d)(1) & (d)(3); *see* United States v. Rubin, 558 F. Supp. 2d 411, 417 (E.D.N.Y. 2008) ("Although the statute primarily tasks the courts with the responsibility of securing these rights, prosecutors … are commanded to 'make their best efforts to see that crime victims are notified of, and accorded' their rights under the CVRA").

22. Accordingly, it should be noted that there was a request for restitution submitted to the United States Attorney's Office regarding counseling services for the victims. Thus, as the CVRA provides each of the victims with "the right to full and timely restitution as provided by law" 18 U.S.C. §3771(a)(6), until a sentence is rendered in this case the victims will be deprived of closure and a resolution of this case.

23. Even further, the CVRA provides each of the victims with "the right to be reasonably protected from the accused." 18 U.S.C. §3771(a)(1) and "the right to proceedings free from unreasonable delay." 18 U.S.C. §3771(a)(7).

24. A continuance in this matter will cause further anguish, anxiety and fear for the victims and their family, as they will have been forced to wait over three years for this case to conclude (Doc.1 – Complaint filed on April 7, 2016).  Prolonging this process only adds to the pressure and distress already endured by the victims, as they had to endure being cross-examined during trial by the very person who had victimized them for years.

25. In addition, preparation for the sentencing hearing has already begun, and the government, the victims, the trial witnesses and the community are all prepared and ready for the defendant to be sentenced on April 5th.

26. Therefore, the pending motions before this court requesting an unreasonable and excessive amount of time in order to reply to the government's response and object to the PSR have been filed to purposely continue to violate the victims' rights and to continue to delay the conclusion of this case.  See Fed.R.Crim.P 32(b)(6)(B)(14-day limit for objections to PSR).

WHEREFORE, in light of the foregoing, the government objects to the continuance of the sentencing hearing in this matter based on the defendant's request for trial transcripts, and requests that the defendant be allowed only until April 1, 2019 to file his objections, rather than

the 30 days requested in his instant motion.  Accordingly, the Court should deny defendant's pending motions.

>Respectfully submitted,
>
>JEFFREY B. JENSEN
>United States Attorney
>
>*s/ Jennifer A. Winfield*
>JENNIFER A. WINFIELD, 53350MO
>Assistant United States Attorney
>111 S. 10th Street, Rm. 20.333
>St. Louis, Missouri 63102
>(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, the attached was filed electronically with the Clerk of the Court and served by way of this Court's Electronic Notification System upon all counsel of record, and mailed to Loren Copp at the St. Charles County Adult Detention Center, 301 N. Second Street, St. Charles, MO 63301.

>*s/ Jennifer A. Winfield*
>JENNIFER A. WINFIELD, 53350MO
>Assistant United States Attorney