# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNTED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>LOREN ALLEN COPP )<br>  )<br>Defendant. ) | No. 4:16CR00159AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Extension of Time to File Reply and Request for Pro Bono Transcript of his Non-Jury Trial (Doc. No. 222) and Motion for Extension of Time to File Defendant's Objections to the Presentence Investigation Report (Doc. No. 226).  Defendant appears pro se in these proceedings.  The United States has filed a Response (Doc. No. 227), opposing both motions.  For the reasons set forth below, Defendant's motions will be granted.

An indigent criminal defendant is entitled to a trial transcript on direct appeal as a matter of law. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *see also Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971).  While the United States correctly notes that there is no clearly established Supreme Court law providing indigent defendants with a right to transcripts in order to prepare a motion for new trial, transcripts may be provided in collateral proceedings upon showing of a particularized need for the documents in non-frivolous pending cases. *See United States v. MacCollom,* 426 U.S. 317, 326, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).

The Court has reviewed Defendant's financial affidavit and finds that Defendant is unable to pay for the cost of the transcript. Additionally, although the grounds Defendant raises in his motion for new trial ultimately may not be well-taken, the Court cannot say at this time that the issues raised are frivolous. As such, the Court certifies that the transcript requested is necessary to Defendant to complete his reply to the government's detailed, twenty-page response to the Motion for New Trial. The transcript will, of course, also be necessary with respect to any possible future appeal. As a result, the Court will grant the request for the transcript of his non-jury trial, and will permit Defendant a <u>brief</u> period of time following receipt of the transcript to file his reply. As the government has noted, however, Defendant was able to file a very detailed motion for new trial without the transcript, and the Court believes that Defendant should be able *substantially* to prepare his reply without the transcript. As such, Defendant should not await receipt of the transcript to substantially prepare his reply.

The Court will also grant Defendant's request for an extension of time to file his objections to the presentence report, and will continue the sentencing hearing. The Court is not unmindful of the burden on the victims that results from a delay of the sentencing hearing. However, Defendant is in custody, is appearing pro se, and this is his first request for an extension of time related to the objections. Moreover, Defendant's request for an additional 30 days was not filed on the eve of the sentencing, and is not an unreasonable request. Defendant is cautioned, however, to proceed expeditiously, and should not expect further extensions of time to file his objections to the presentence report.[1]

Accordingly,

---

[1] In support of his request, Defendant notes that he must hand write his objections, and has limitations on his library access. These limitations, however, are a result of Defendant's voluntary choice to proceed pro se, and he continues to have standby counsel to represent him.

**IT IS HEREBY ORDERED** that Defendant's Motion for Extension of Time to File Reply and Request for Pro Bono Transcript of his Non-Jury Trial (Doc. No. 222) is **GRANTED**. The Court hereby directs the Clerk of Court to have the trial transcript prepared and paid for through Criminal Justice Act funds. Defendant shall have **fourteen (14) days** following receipt of the transcript to file a Reply to the Government's Response in Opposition to his Motion for New Trial.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend the Time to File Defendant's Objections to the Presentence Investigation Report (Doc. No. 226) is **GRANTED**. The Sentencing Hearing scheduled for April 5, 2019 is canceled, to be reset following completion of the trial transcript.

Dated this 18th day of March, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE