UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOREN ALLEN COPP, )<br>a/k/a "Sensei," )<br>)<br>)<br>Defendant. ) | No. S1-4:16CR00159 AGF |

**GOVERNMENT'S MOTION FOR ENTRY OF A**
**PROTECTIVE ORDER GOVERNING THE TRIAL TRANSCRIPT**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the eastern District of Missouri, and Jennifer A. Winfield, Assistant United States Attorney for said District, and, pursuant to Federal Rule of Criminal Procedure 16(d), moves for the entry of a protective order, and in support thereof states as follows:

1. The defendant is charged in the Indictment with violations of:

    i. Count One: Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a);
    ii. Count Two: Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a);
    iii. Count Three: Attempted Production of Child Pornography in violation of Title 18 U.S.C. Section 2252(a);
    iv. Count Four: Possession of Child Pornography in violation of Title 18 U.S.C. Section 2252(a)(5)(B);
    v. Count Five: Use of Interstate Facilities to Persuade, Induce, Entice, or Coerce a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2422;
    vi. Count Six: Use of Interstate Facilities to Persuade, Induce, Entice, or Coerce a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2422;
    vii. Count Seven: Use of Interstate Facilities to Transmit Information with the Intent to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2425;

  viii. Count Eight: Use of Interstate Facilities to Transmit Information with the Intent to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2425, and

  ix. Count Nine: Use of Interstate Facilities to Transmit Information with the Intent to Entice, Solicit or Encourage a Minor to Engage in Sexual Activity in violation of Title 18 U.S.C. Section 2425.

2. The defendant is pro se and is being assisted by stand-by counsel, Nathan Swanson. In connection with this case, the government had turned over sensitive evidence including the multiple minor victims' video and audio-recorded interviews and other related materials (i.e. interviews of Jane Does 1, 3, 4 and 5) under an earlier protective order. Doc. #141.

3. The entry of the earlier protective order was consistent with Rule 16(d) because the discovery materials in this case implicate the privacy of third parties, and a district court may limit discovery for good cause under Rule 16(d). *See* United States v. Lee, 374 F.3d 637, 652 (8th Cir. 2004). *See also*, United States v. Bulger, 283 F.R.D. 46, 52 (D. Mass 2012).

4. On March 14, 2019, the defendant requested a copy of the trial transcript in this case and that request was granted by the Court. Doc. #227, 228. The trial transcript has been prepared, including sealed portions of the trial, and will be turned over to the defendant very soon by his stand-by counsel. Doc. #232-246.

5. Due to the trial transcript also containing information about minor victims, (i.e. information about and testimony associated with Jane Does 1, 3 and 5), the government requests that the defendant not disseminate or disclose the transcript to anyone (unless they are a part of the defense team as more fully described below).

6. The United States further requests that the Protective Order limit who may obtain, review and/or examine the trial transcript, so described under the conditions set forth, for the sole

purpose of preparing the defense and for no other purpose to the following individuals (the defense team):

    i.    the defendant;

    ii.    Persons employed by stand-by counsel who are assisting with the preparation of the defense;

    iii.    Any investigator retained on behalf of Defendant Copp to assist in the defense of this matter.

7.    The United States further requests that the Protective Order provide that any disputes concerning the Protective Order be resolved by this Court only after counsel for the United States and defendant have first conferred and attempted to resolve the dispute.

WHEREFORE, the government respectfully moves this Court to enter a Protective Order limiting the disclosure and usage of all volumes of the aforementioned trial transcript in this case.

    Respectfully submitted,

    JEFFREY B. JENSEN
    United States Attorney

    /s/ Jennifer A. Winfield
    JENNIFER A. WINFIELD, #53350MO
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Counsel of Record.

    /s/ Jennifer A. Winfield
    JENNIFER A. WINFIELD, #53350MO
    Assistant United States Attorney