.UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:16 CR 000159 AGF |
| ) | |
| LOREN ALLEN COPP, a/k/a/ "Sensei," ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield, Assistant United States Attorney for said District, and files its response to defendant's "Objections to Presentence Investigation Report." For its response, the Government states the following:

The defendant has raised six objections to the disclosure copy of the Presentence Investigation Report ("PSR"). Title 18 of the United States Code, §3661, provides "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Generally, a PSR bears sufficient indicia of reliability to be considered by a district court when making a factual determination. See United States v. Rome, 207 F.3d 251, 254 (5th Cir. 2000). When a district court relies on information in a PSR, "the defendant bears the burden of demonstrating that the information is unreliable or untrue." Id.

For the reasons that follow, this Court should overrule each of the defendant's objections.

Objection to Paragraphs 5 to 24

The Defendant's blanket objection to paragraphs 5 through 24 of the PSR, merely contains general denials of the charges against him. The Government contends that the PSR accurately reflects the facts as outlined in the investigative reports, testimony and evidence presented at trial, as well as the guilty verdicts rendered in this matter. Accordingly, the Court should decline the defendant's request to parse the factual descriptions in the PSR, as the PSR bears sufficient indicia of reliability based on the PSR investigation and the trial in this matter. Therefore, this objection should be overruled.

Objection to Paragraph 74

For this objection, the Government contends that the PSR accurately reflects the facts as outlined in the investigative reports and court filings generated in this matter. Fed. R. Crim. P. 32(d)(2)(A)(iii) and 32(d)(2)(G). Here, the Court can accept any portion of the disputed PSR as a finding or fact or the Court need not rule on the matter because it will not consider the matter in sentencing. Fed. R. Crim. P. 32(i)(3)(A) or (B). Lastly, it may be noted in the PSR that Copp disputes the relevant allegations. Therefore, this objection should be overruled.

Objection to Paragraph 75

As to Defendant's objection to paragraph 75, the Government contends that the PSR writer had a basis for and correctly provided the information as outlined in the investigative reports and court filings generated in this matter. Fed. R. Crim. P. 32(d)(2)(A)(iii), 32(d)(2)(B) and 32(d)(2)(G). Here, the Court can accept any portion of the disputed PSR as a finding or fact or the Court need not rule on the matter because it will not consider the matter in sentencing. Fed. R.

Crim. P. 32(i)(3)(A) or (B).  Lastly, it may be noted in the PSR that Copp disputes the relevant allegations.  Therefore, this objection should be overruled.

Objection to Paragraph 83

For this objection, the Government contends that the PSR writer had a basis for and correctly provided the information regarding the offender's characteristics, as provided by family members.  Here, under Title 18 U.S.C. §§3553(a), 3582, and 3583, the Court is allowed to assess mitigating and aggravating factors regarding offender characteristics when imposing a proper sentence in the matter.  Fed. R. Crim. P. 32(d)(2)(A)(iii) and 32(d)(2)(G).  Here, the Court can accept any portion of the disputed PSR as a finding or fact or the Court need not rule on the matter because it will not consider the matter in sentencing.  Fed. R. Crim. P. 32(i)(3)(A) or (B).  Lastly, the Court may note in the PSR that Copp disputes the relevant allegations.  Therefore, this objection should be overruled.

Objection to Paragraph 84

As to Defendant's objection to paragraph 84, the Government contends that the PSR writer had a basis for and correctly provided the information regarding the offender's characteristics, as provided by family members.  Here, under Title 18 U.S.C. §§3553(a), 3582, and 3583, the Court is allowed to assess mitigating and aggravating factors regarding offender characteristics when imposing a proper sentence in the matter. Fed. R. Crim. P.  32(d)(2)(A)(iii) and 32(d)(2)(G).  Here, the Court can accept any portion of the disputed PSR as a finding or fact or the Court need not rule on the matter because it will not consider the matter in sentencing.  Fed. R. Crim. P. 32(i)(3)(A) or (B).  Lastly, the Court may note in the PSR that Copp disputes the relevant allegations.

Objection to Paragraph 85

As to Defendant's objection to paragraph 85, the Government contends that the PSR writer had a basis for and correctly provided the information regarding the offender's characteristics, as provided by family members, and the PSR accurately reflects the facts as outlined in the investigative reports and evidence presented at trial,. Here, under Title 18 U.S.C. §§3553(a), 3582, and 3583, the Court is allowed to assess mitigating and aggravating factors regarding offender characteristics when imposing a proper sentence in the matter. Fed. R. Crim. P. 32(d)(2)(A)(iii) and 32(d)(2)(G).  Also, the Court can accept any portion of the disputed PSR as a finding or fact or the Court need not rule on the matter because it will not consider the matter in sentencing.  Fed. R. Crim. P. 32(i)(3)(A) or (B).  Lastly, the Court may note in the PSR that Copp disputes the relevant allegations.  Therefore, this objection should be overruled.

WHEREFORE, the United States requests that this honorable Court overrule all of the Defendant's objections to the PSR and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, #53350(MO)
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
jennifer.winfield@usdoj.gov
(314) 539-2200

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 21, 2019, the attached was filed electronically with the Clerk of the Court and served by way of this Court's Electronic Notification System upon all counsel of record, and mailed to Loren Copp at the St. Charles County Adult Detention Center, 301 N. Second Street, St. Charles, MO 63301.

                                          *s/ Jennifer A. Winfield*
                                          JENNIFER A. WINFIELD, #53350(MO)
                                          Assistant United States Attorney

Case: 4:16-cr-00159-AGF   Doc. #:  265   Filed: 11/21/19   Page: 5 of 5 PageID #: 4424