UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

V.

LOREN ALLEN COPP
AKA Sensei

    Defendant

No. S1 - 4:16 CR 00159 AGF

## MOTION FOR NEW TRIAL

Now comes defendant Loren A. Copp, pro-se', requesting a new trial based on new evidence. This evidence was found as a direct result of testimony during trial. Listed below are three points that show new evidence, two based on general trial information, one on evidence relating to the gathering of evidence.

1.) June sixth 2014 video and IP Address information.

On day three of trial, Jane Doe 1 testified that she and the defendant was at the Jubilee Church where Jane Doe 1 and 5 were being baptized by the defendant. This event being fully established would

1 of 6

have the defendant placed away from the Dojo complex on June sixth, 2014, between 8:00 am and 1:00 pm. (Transcripts volume 3 page 47, line 8 through page 53 line 4. Hereafter transcript references shown as, example: TS.V.3, $47^8$-$53^4$.)

Donya Jackson testified at trial also on day 3 that the "Chrissy" Facebook account was logged on and had activity between the times of 8 am and 1 pm on 06/08/2014. Ms Jackson testified that the IP Addresses being used at that time by the "Chrissy" account were 108.193.145.54 (hereafter IP 108), and 2602:306:CC19:1360:CC85:1896:CC63:12Ab (hereafter IP 2602). Ms Jackson stated that IP 108 was exclusive to the Dojo complex, but not exclusive to one device. Ms Jackson stated that to have a device show the IP 108, that device would need to be in the Dojo complex or just outside, but close. Ms Jackson stated that if defendant was with Jane Doe 1 at the Jubilee Church, he could not be the person logging in on the "Chrissy" Facebook account. Upon redirect, Ms Jackson was asked if the IP Addresses were logged in on IP 108, then showed a log out on the IP 2602, would that show a person being on a mobil device. Because Ms Jackson believed that the IPV6 IP 2602 was a mobil device, she stated, yes. (TS V3, $62^{12}$-$65^1$, $69^{24}$-$71^9$, $139^{21}$-$141^4$, $170^1$-$171^{12}$.)

Since Trial defense has found a video with meta Data that shows defendant standing in front of the Jubilee Church, with Jane Doe 1 in the baptistry. This video give 100 percent proof that defendant was infact at the Jubilee church on 06/08/2014, And that he was not on any device that could be active on the "Chrissy" Facebook Account. Futher more upon Finding that the Government did not research the IP 2602 IP Address, but made an assuming statement, Defense had an expert search at this information. It has since trial been found that IP 2602 IPv6 Address is also exclusive to the Bojo complex just like the IP 108. This disproves the notion that Mr. Copp was on a mobile device and could have left the Bojo complex. This was a grasp at a straw in trial, between the video and expert testimony on IP 2602, defense shows Defendant is not the person behind the "Chrissy" Facebook Account.

Defendant prays that the court will have a hearing where he can present this new evidence.

2.) IP Address 2607:Fb901:1F:9304;3cb5;e462;do25;A385; hereAfter Shown As 2607:A385.

IP 2607:A385 was addressed during trial. Donya Jackson testified in court that IP 2607:A385 was used by the "Chrissy" Facebook Account and also the account used by Jane Doe 10. (Jane Doe 10 is a seperate minor who did not live at the Dojo Complex.) The IP 2607:A385 being used by both Facebook accounts would show that the same device was being used if this was a mobil IP Address. This all happened between the dates of 03/26/2014 and 03/28/2014. (TS. V3, pg 102^9 - 110^19)

Jane Doe 5 stated in court (also supported by Jane Doe 1), that Jane Doe 10 would meet Jane Doe 5 around 6:45 AM and they would walk to school together. Jane Doe 5 testified that Jane Doe 10 would use her (Jane Doe 5's) mobil phone during this time, to log on to Facebook. (TS V.2 pg 205^25 - 208^19, TS. V3, page 53^15-24)

During trial Donya Jackson said she did not have information on IP 2607:A385, and could not say that it was a mobil device. Since trial Defendant had an expert research IP 2607:A385. Evidence found proves that defendant is not "Chrissy", and links the device to another party.

Defendant ask the court for a hearing so this information can be brought forward.

4 of 6

3) Access to computers by St Louis police on 10/15/2015 without a search warrant.

Since trial defendant has found proof that St Louis police accessed exhibits one and two on 10/15/2015. This evidence was found after trial and proves St Louis police did an illegal search of exhibits one and two. All searches after 10/15/2015 would fall under the fruit of the poisonous tree, causing all evidence presented by prosecution to be removed. A new trial would be required.

Defendant request a hearing to prove such evidence exist, and to show the need for a new trial.

These three points addressed separate and jointly show just cause for a new trial. Defense prays the court will set a hearing where defendant can bring forth this new evidence. Defendant requests that the court set such hearing before defendant is removed from St Charles County Jail, and looses access to his current legal files.

6 of 6

Respectfully Submitted

*[signature]*

Loren R. Copp, pro se

12/7/2019