UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CR-00159-AGF |
| | ) | |
| LOREN ALLEN COPP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

This matter is before the Court on multiple motions filed by Defendant Loren A.

Copp in advance of his sentencing, currently scheduled for December 17, 2019.  Defendant

Copp appears pro se, with standby counsel.   Between December 10–12, 2019, Defendant

filed the following motions:

- "Request for Relief from Governments Harassment and Motion for Continuance" (Doc. No. 278).  In this motion, Defendant asserts that the government has directed the facility at which he is being held to withhold and review Defendant's mail, such that Defendant has not timely received his mail, including Orders entered by this Court, some of which related to Defendant's prior requests for subpoenas related to the sentencing.  As part of the relief requested, Defendant requests a continuance of the sentencing hearing.

- "Basis for Expert Testimony" (Doc. No. 279).  In this filing, Defendant asserts the basis for the expert testimony of Mr. Greg Chatten, a computer forensics expert. Defendant had previously requested a subpoena and funding for this expert, but that motion was denied without prejudice because Defendant failed to provide any basis for the request.  (Doc. No. 272).

- "Request for Funds for Witness Subpoenas" (Doc. No. 282) and "Supplement to Motion to Call Witnesses" (Doc. No. 287).   Defendant had previously filed a motion requesting subpoenas be issued at government expense for one or more witnesses for the sentencing hearing.  This motion was denied, without prejudice, because

Defendant failed to make the showing required under Rule 17(b), Fed. R. Crim. P., for the service of said subpoenas at the government's expense, as he failed to disclose the witnesses, the basis for their testimony, and the need for their testimony at the sentencing.  (Doc. No. 273).  In his current motion and supplement, filed ex-parte and under seal, Defendant identifies the two witnesses, the proposed subject-matter of their testimony, and why he believes their testimony is important to the sentencing.

Defendant also filed a sentencing memorandum, requesting a below Guidelines sentence of no more than 240 months (Doc. No. 284) and another Motion for New Trial (Doc. No. 280), in which he seeks a hearing based on allegations of new evidence which he asserts was found as a direct result of testimony during trial.[1]

The government has not responded to the motions, as the time to do so has not yet expired.

## Discussion

With respect to his request for expert testimony, Defendant asserts that the testimony of Mr. Chatten is necessary in light of his objection to paragraph 75 of the final Presentence Investigation Report ("PSR") (Doc. No. 276), previously paragraph 74 of the preliminary report.  Paragraph 75 states that the government intends to present evidence at sentencing that other minor females chatted on Facebook with Defendant, posing as "Chrissy," and were persuaded to send naked pictures of themselves, and that one was persuaded to date Defendant.  Defendant denies being "Chrissy" and specifically denies these conversations

---

[1] Defendant previously filed a motion for new trial, in which he asserted 19 separate grounds.  (Doc. No. 218).  The Court permitted Defendant to delay the filing of his reply brief until after receipt of the trial transcript, and thereafter permitted him to file a 75 page reply brief.  The Court denied this motion for new trial.  (Doc. No. 271).  Defendant requests an evidentiary hearing in support of this second motion for new trial.  Defendant's new motion for new trial has not yet been fully briefed, and will be considered by the Court following the sentencing.

on Facebook.  In this regard, the Court notes that the government, in its own filings related to the sentencing, stated that it intends to call Investigator Donya Jackson as a witness, but has not specified the subject of her testimony.  (Doc. No. 267).

On this record, the Court does not have enough information to determine what evidence related to Defendant's objections the government intends to present, and whether Defendant may be entitled to expert testimony to counter the government's evidence.  As such, in lieu of the sentencing, the Court will hold a hearing to address whether expert testimony may be justified.

At the hearing, the Court will also address Defendant's request for subpoenas, at the government's expense, for the two other witnesses.   The Court has some difficulty understanding why subpoenas are necessary, as it appears that Defendant seeks these witnesses essentially as character witnesses, being called to counter the government's assertion of Defendant's dangerousness.  However, inasmuch as the sentencing will be continued for a brief period of time, the Court will address this motion as well.  The Court will also address Defendant's Request for Relief from Government Harassment (Doc. No. 278), in which Defendant asserts that the federal government has directed the facility at which he is being held to interfere with Defendant's incoming and outgoing mail.

The Court is mindful that there are several young victims in this matter, and that the sentencing in this matter has already been delayed.  Nevertheless, the Court believes a brief continuance of the sentencing is necessary for the reasons stated above.  Defendant previously requested subpoenas for witnesses at the sentencing.  Although his requests were denied as deficient and now are tardy, he claims he did not receive the Court's Orders in a

timely manner, and asserts his failure to receive his mail was due to government misconduct.  The Court further notes that Defendant is proceeding pro se, and is facing a very substantial sentence.  Several counts carry mandatory minimum sentences of fifteen years each, and the government is requesting a sentence of 160 years.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Request for Relief from Government Harassment and Motion for Continuance is **Granted in part**, to the extent that the sentencing hearing scheduled for December 17, 2019 will be continued.  (Doc. No. 278).

**IT IS FURTHER ORDERED** that in lieu of the sentencing, the Court will hold a hearing on **December 17, 2019, at 2:00 p.m.** on Defendant's Request for Relief from Government Harassment (Doc. No. 278), Request for Expert Testimony (Doc. No. 279), and Request for Funds for Witness Subpoenas (Doc. Nos. 282 and  286).  Defendant and standby counsel are required to attend.

The sentencing will be rescheduled following the hearing.

 Dated this 16th day of December, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE