UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:16 CR 000159 AGF |
| ) | |
| LOREN ALLEN COPP, a/k/a/ "Sensei," ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REMAIN IN THE CUSTODY OF THE ST. CHARLES COUNTY JAIL**

COMES NOW the United States of America, by and through Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, Jennifer A. Winfield, Assistant United States Attorney for said District, and hereby responds to the defendant's motion to remain in the St. Charles County Jail until the conclusion of his pending motions. In support thereof, the Government states the following:

1. On December 10, 2019, the defendant filed a second motion for a new trial.

2. On December 27, 2019, Copp was sentenced by the court to an aggregate term of imprisonment of 65 years. On that same date, Copp filed a motion to remain at the St. Charles County Jail until he completed his second motion for a new trial.

3. At this juncture, the second motion for a new trial has been filed and is untimely pursuant to Federal Rule of Criminal Procedure 33(b)(2).

4. Federal Rule of Criminal Procedure 33(b)(2) requires that "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

5. In his second motion for a new trial, Copp does not refer to any newly discovered evidence.  Here, Copp merely repeats the same allegations he made during the evidentiary hearing and other arguments he made regarding evidence submitted during trial.

6. Therefore, as the Court returned its guilty verdicts on December 26, 2018, Copp's second motion for a new trial is untimely and "it may be properly rejected on that basis alone." United States v. Delgrosso, 852 F. 3d 821, 828 (8th Cir. 2017); United States v. Boesen, 599 F.3d 874, 876, 878 (8th Cir. 2010) (affirming district court's ruling that motion for a new trial was untimely); United States v. Oligmueller, 198 F.3d 669, 671 (8th Cir. 1999) ("We may affirm the district court on any basis supported by the record").

7. Even further, "if a motion for new trial is not timely filed, the court lacks authority to grant a new trial." United States v. Flynn, 196 F. 3d 927, 932 (8th Cir. 1999); See United States v. Fiddler, 688 F.2d 45, 48 n. 12 (8th Cir.1982)(per curiam)(the district court correctly determined that it lacked the authority to grant a new trial in the interest of justice as the timely filing of a motion for new trial based on any ground other than newly discovered evidence is a jurisdictional prerequisite); See United States v. Holt, 170 F.3d 698, 702-03 (7th Cir.1999)(additional grounds for relief raised after a timely-filed motion are procedurally barred).

8. Thus, as it appears that additional grounds for relief are procedurally barred and the Court lacks authority to grant a new trial, Copp has no basis to try to prevent his designation to the Bureau of Prisons ("BOP").

9. Pursuant to Title 18 USC § 3585(a), a federal sentence commences "on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."  See, United States v. Wilson, 503 U.S. 329, 331-35 (1992)(after district court sentences federal offender, Attorney General, through Bureau of Prisons, has responsibility for administering sentence).

10. The Supreme Court has consistently held that a prisoner has no constitutional right to be confined in any particular location for service of his sentence. See McKune v. Lile, 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Sandin v. Conner, 515 U.S. 472, 478 (1995)("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); Meachum v. Fano, 427 U.S. 215, 228 (1976)(the expectation that a prisoner in a more comfortable facility might begin to feel entitled to remain there throughout his term of incarceration is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all).

11. The Attorney General, and by delegation the BOP, has exclusive authority and discretion to designate the place of an inmate's confinement. Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973); Ledesma v. United States, 445 F.2d 1323, 1324 (5th Cir. 1971). Any approach that puts the judicial branch in

charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds collides with statutory authority (18 U.S.C. § 4083), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." In re Gee, 815 F.2d 41, 42 (7th Cir. 1987). "[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons." United States v. Serafini, 233 F.3d 758, 779 n.23 (3d Cir. 2000); See 18 U.S.C. §3621(b) .

12. Absent extraordinary circumstances, the court should not interfere with the determination of the U.S. Marshals Service and Bureau of Prisons as to where persons in custody should be housed.  See, United States v. Rosario, 90 CR 201, 1990 WL 106587, at *1 (E.D. Pa. July 23, 1990); United States v. Johnson, 223 F.3d 665, 673 (7th Cir. 2000) ('a sentencing court has no authority to order that a convicted defendant be confined in a particular facility")(quoting United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995)).

13. Furthermore, the First Step Act of 2018 amended the applicable designation statute — 18 U.S.C. § 3621(b) — to include language reflecting that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." The Court therefore has no authority to order the BOP to make any placement decisions under the Act. See Ellis v. United States, No. 3:19-CV-395-K (BT), 2019 WL 3021141, at *2 (N.D. Tex. June 18, 2019), report and recommendation adopted, No. 3:19-CV-395-K (BT), 2019 WL 3006837 (N.D. Tex. July 9, 2019); United States v. Tovar-Zamorano, 2019 WL 2005918 at *2 (D. Kan. May 7, 2019) (stating the First Step Act "does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment"); Porche v. Salazar, 2019 WL 1373683 at *1 (D. Or. Mar. 5, 2019) (same).

14. Therefore, as Copp's sentence has commenced, BOP has exclusive authority and discretion to designate the place of Copp's confinement. Lastly, no matter where Copp's designated place of confinement will be, he will have the same access to all of his legal files and a law library, just as he had during his entire course of incarceration at the St. Charles County Jail.

WHEREFORE, in light of the foregoing, the government respectfully requests that the Court deny the instant motion.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, #53350(MO)
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
jennifer.winfield@usdoj.gov
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2020, the attached was filed electronically with the Clerk of the Court and served by way of this Court's Electronic Notification System upon all counsel of record, and mailed to Loren Copp at the St. Charles County Adult Detention Center, 301 N. Second Street, St. Charles, MO 63301.

*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, #53350(MO)
Assistant United States Attorney