# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 11, 2021

Mr. Nathan T. Swanson
ROSENBLUM & SCHWARTZ
Suite 130
120 S. Central Avenue
Saint Louis, MO  63105-0000

      RE:  20-1102  United States v. Loren Copp

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

      Michael E. Gans
      Clerk of Court

CRJ

Enclosure(s)

cc:    Mr. Loren Allen Copp
        Ms. Colleen Lang
        Mr. Gregory J. Linhares

      District Court/Agency Case Number(s):   4:16-cr-00159-AGF-1

# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 11, 2021

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

     RE: 20-1102  United States v. Loren Copp

Dear Sirs:

     An opinion was filed today in the above case.

     Counsel who represented the appellant was Nathan T. Swanson, of Clayton, MO.

     Counsel who represented the appellee was Colleen Lang, AUSA, of Saint Louis, MO.

     The judges who heard the case in the district court were Honorable Audrey G. Fleissig and Honorable Noelle C. Collins. The judgment of the district court was entered on December 27, 2019.

     If you have any questions concerning this case, please call this office.

                                                Michael E. Gans
                                                Clerk of Court

CRJ

Enclosure(s)

cc:   Lois Law
      MO Lawyers Weekly

     District Court/Agency Case Number(s):   4:16-cr-00159-AGF-1

# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1102
_____

United States of America

*Plaintiff - Appellee*

v.

Loren Allen Copp, also known as Sensei

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 16, 2021
Filed: June 11, 2021

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

    Loren A. Copp was convicted of producing and attempting to produce child pornography in violation of 18 § U.S.C. 2251(a); possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); using interstate facilities to persuade, induce, entice, or coerce a minor to engage in sexual activity, in violation of RSMo § 566.083 and 18 U.S.C. § 2422(b); and using interstate facilities to transmit information with the intent to induce, entice, solicit, or encourage a minor to engage

in sexual activity, in violation of RSMo § 566.083 and 18 U.S.C. § 2425. The district court[1] sentenced him to 780 months in prison. Copp appeals, arguing the court should have (1) admitted photos of his penis into evidence, and (2) permitted testimony by a former cellmate about an (alleged) birthmark on his penis. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In 2015, federal agents seized hundreds of photos and videos of child pornography from Copp's residence. Some of these images depicted a man sexually abusing a child. The man's naked torso, hands, feet, and genitals are visible in the images.

Before trial, Copp objected to the government's request to photograph his hands, feet, abdomen, and genitals to compare to the images found at his residence. He opposed photographing his genitals, arguing it was an invasion of privacy with little investigatory value. The court allowed the government to photograph everything but his genitals.

Two years later, during the fifth day of a bench trial, Copp requested to photograph and show photos of his penis, claiming he has an "identifying mark" not shown in the government's photos. The court denied the request. Copp then requested the court allow testimony from a former cellmate about the mark. The court denied the request.

This court reviews for an abuse of discretion, giving substantial deference to the district court's exclusion of evidence if it does not unfairly prevent a party from proving its case. ***United States v. Condon***, 720 F.3d 748, 754 (8th Cir. 2013). If exclusion of evidence implicates a constitutional right, including the right to present

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

a complete defense, this court reviews de novo. *United States v. West*, 829 F.3d 1013, 1017 (8th Cir. 2016).

II.

The district court did not abuse its discretion by denying Copp's request to photograph and show photos of his penis. The district court excluded the evidence (1) for lack of probative value, and (2) as a discovery sanction for late disclosure.

The court may exclude evidence if its probative value is substantially outweighed by unfair prejudice or undue delay. **Fed. R. Evid. 403**; *See Condon*, 720 F.3d at 755. Copp claims that photos of the birthmark would prove he was not the man in the pornographic images. But, in this case, photos of his penis taken years after the pornographic images have little probative value in showing his penis's appearance at the time of the images. The district court did not err in finding the proffered evidence had little probative value.

The court also did not err in finding the evidence, offered on the fifth day of trial near the close of the government's case, prejudiced the government. *See **United States v. Davis***, 244 F.3d 666, 671 (8th Cir. 2001) ("[A] finding of prejudice can be inferred from the district court's comments."). The district court admonished Copp at length for waiting until the eleventh hour to bring forth this allegedly exculpatory evidence. The district court did not abuse its discretion in ruling that the probative value of the evidence was substantially outweighed by prejudice to the government of undue delay. *See **United States v. Bass***, 794 F.2d 1305, 1312 (8th Cir. 1986) ("The task of balancing the probative value of this evidence against its prejudicial value is primarily for the trial court, and we normally defer to its judgment.").

Alternatively, the district court did not abuse its discretion by excluding the photos as a discovery sanction for late disclosure. "A district court has broad discretion to sanction a party for failure to comply with discovery orders." ***United States v. Sims***, 776 F.3d 583, 585 (8th Cir. 2015); **Fed. R. Crim. P. 16(d)(2)(C)**.

-3-

Exclusion of evidence is a permissible sanction for discovery violations. *See* ***Taylor v. Illinois***, 484 U.S. 400, 415 (1988). Courts may exclude evidence if the discovery violation is willful and motivated by a desire for a tactical advantage. ***Anderson v. Groose***, 106 F.3d 242, 246 (8th Cir. 1997). Copp concealed his "birthmark" evidence for a tactical advantage at trial. However, two years later, when he believed the evidence favored him, he attempted to introduce it. The district court did not abuse its discretion in imposing a discovery sanction for late disclosure of evidence.

Copp invokes the Compulsory Process Clause of the Sixth Amendment which forbids the exclusion of evidence solely to enforce discovery. But "[i]f the discovery violation was willful and motivated by a desire to obtain a tactical advantage, it is entirely consistent with the purposes of the Compulsory Process Clause simply to exclude the witness' testimony." *Id*. (internal quotation marks omitted). Here, where Copp opposed efforts to photograph his penis before trial, the violation was willful and motivated by a desire to obtain a tactical advantage.

Copp also invokes his constitutional right to present a complete defense. Yet he had ample opportunity to present evidence of any birthmark when the government first requested photos, during ex parte hearings with the judge, and in cross-examination of the government's witnesses. Copp had "an adequate opportunity to lay the foundation" for his defense that the penis in the pornographic images was not his. ***United States v. Clay***, 883 F.3d 1056, 1061 (8th Cir. 2018).

Even if the court abused its discretion or otherwise erred, any error was harmless. *See* ***United States v. Yarrington***, 634 F.3d 440, 447 (8th Cir. 2011) ("We will not reverse if the error was harmless."). The evidence supporting Copp's convictions is overwhelming. *See* ***United States v. Willins***, 992 F.3d 723, 727 (8th Cir. 2021). The district court properly found Copp guilty beyond a reasonable doubt, based on the victims' persuasive testimonies, computer evidence, and hundreds of pornographic photos and videos on his devices. *See* ***United States v. Herbst***, 668 F.3d 580, 585 (8th Cir. 2012).

III.

The district court did not abuse its discretion by denying Copp's request to allow his former cellmate to testify about his penis. The district court excluded the testimony (1) for lack of probative value, and (2) as a discovery sanction for late disclosure.

The district court found that testimony about Copp's penis lacked probative value for the same reason as the proffered photos; such testimony offered little insight about his penis's appearance years earlier. The court also found that admitting the evidence would be "unfair delay." The court again admonished Copp for not disclosing the birthmark testimony or allowing the government to photograph his penis years earlier. The district court did not abuse its discretion in ruling that the probative value of the proffered testimony was substantially outweighed by prejudice to the government by undue delay. *See* **Bass**, 794 F.2d at 1312. Alternatively, like photos of his penis, the district court did not abuse its discretion by refusing to admit the testimony, as a discovery sanction for late disclosure. *See* **Sims**, 776 F.3d at 585 ("A district court has broad discretion to sanction a party for failure to comply with discovery orders.").

Again, even if the district court abused its discretion or otherwise erred by excluding McDonald's testimony, any error was harmless beyond a reasonable doubt. *See* **Yarrington**, 634 F.3d at 447.

\* \* \* \* \* \* \*

The judgment is affirmed.
_____