UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     )  |  |
| Plaintiff,     ) | |
| v.     ) | No. 4:16-CR-159 AGF |
| LOREN ALLEN COPP,     ) | |
| Defendant.     ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's pro se Motion for Extension of Time to file 2255, Request for Assistance of Counsel, Request Copy of All Court Transcripts, Request Funds for Expert Witness (ECF No. 353). The motion for extension of time will be dismissed for lack of jurisdiction and the other requests will be denied without prejudice to reasserting with specificity, as appropriate, in connection with or after filing a motion pursuant to 28 U.S.C. § 2255.

Following a bench trial, the Court Defendant was convicted of eight of the nine counts charged against him in the superseding indictment.  *See* ECF No. 216.  These included charges of producing and attempting to produce child pornography in violation of 18 § U.S.C. 2251(a); possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); using interstate facilities to persuade, induce, entice, or coerce a minor to engage in sexual activity, in violation of Mo. Rev. Stat. § 566.083 and 18 U.S.C. §

1

2422(b); and using interstate facilities to transmit information with the intent to induce, entice, solicit, or encourage a minor to engage in sexual activity, in violation of Mo. Rev. Stat. § 566.083 and 18 U.S.C. § 2425.

On December 27, 2019, the Court entered judgment and sentenced Defendant to 780 months' imprisonment.  ECF No. 302.  Defendant appealed his conviction, and on June 11, 2021, the Eighth Circuit affirmed the conviction.  *See United States v. Copp*, 1 F.4th 573 (8th Cir. 2021).  In the instant motion before the Court, Defendant asserts four requests:

1. Appointment of counsel to assist with preparation of a § 2255 motion;[1]

2. A stay of the "12 month deadline" to file § 2255 until Defendant "receives all legal items";

3. A copy of "all transcripts" pertaining to the case sent to Defendant; and

4. Court funding to "retain Greg Chatt[a]n," as an expert witness, whose statements and opinions Defendant now asserts are "paramount" to his § 2255 claims.[2]

*See generally* ECF No. 353.

## **DISCUSSION**

---

[1] Defendant asserts that he was transferred to a BOP facility in Coleman, Florida in March of 2020, and that due to a "BOP policy change[,]" [n]ow the only way to receive legal mail is now through an attorney."  ECF No. 353 at 3.  Therefore, Defendant requests appointment of counsel to obtain documents in support of his § 2255 claims.

[2] Defendant offered Mr. Chattan as an expert witness and also designated him as the case agent at trial (*see* ECF No. 168).

**Motion for Extension of Time to File a § 2255 motion**

As relevant here, the one-year limitation period for filing a § 2255 begins to run on the date on which the judgment challenged becomes final. 28 U.S.C. § 2255(f)(1). If a movant has filed a direct appeal and does not seek certiorari, his judgment becomes final ninety days after the Court of Appeals issues its ruling, when the time for filing a petition for writ of certiorari to the Supreme Court has passed. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) ("[T]he federal judgment becomes final [for] a petitioner [who] does not seek certiorari, when the time for filing a certiorari petition expires.") (citing *Clay v. United States*, 537 U.S. 522, 527-529 (2003) (rejecting the argument, that, if a petitioner declines to seek certiorari, the limitations period "starts to run on the date the court of appeals issues its mandate")).

Applying these rules, Defendant's judgment did not become final until September 9, 2021, and Defendant has one year therefrom to file a § 2255 motion. The Court is unable to grant Defendant's request to extend or stay the deadline to file a § 2255 motion. A motion for extension of time to file a § 2255 motion is not a justiciable "case" or "controversy" within the meaning of Article III of the United States Constitution. *Green v. United States,* 260 F.3d 78, 82 (2d Cir. 2001) (citing *United States v. Leon,* 203 F.3d 162, 164 (2d Cir. 2000)). Consequently, a District Court does not have subject matter jurisdiction over such motions unless they are filed concurrently with or after a § 2255 petition, or if the motion "contains allegations sufficient to support a claim under section

3

2255" such that the motion may be construed as the § 2255 petition itself. *Green*, 260 F.3d at 83; *see also Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006); *Anderson v. Pa. Attorney Gen.*, 82 F. App'x 745, 749 (3d Cir. 2003) (unpublished).

Defendant's motion for extension of time does not contain any allegations sufficient to support a claim under § 2255. As a result, it must be dismissed for lack of jurisdiction.[3]

**Remaining Requests**

As to Defendant's request for appointment of counsel, there is no constitutional right for a pro se habeas petitioner to have counsel appointed, although a court has discretion to appoint counsel when necessary. *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000). Among the factors a court should consider in making this determination are the factual and legal complexity of the case, the ability of the petitioner to present the facts and his claims, and the degree to which the petitioner and the court would benefit from such an appointment. *Id*.

Upon review of the record, the Court does not believe that the appointment of counsel is necessary at this stage of the proceedings. Defendant has not demonstrated that counsel is necessary to file a timely § 2255 motion. The Court's form for such

---

[3] For a district court to have jurisdiction over a motion to extend the time to file a § 2255 motion, the motion must either be filed concurrently with or after a § 2255 petition or be construed as the § 2255 petition itself. *Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006); see also, *Anderson v. Pa. Attorney Gen.,* 82 Fed.Appx. 745, 749 (3d Cir. 2003) (unpublished). The court is permitted to construe a motion for extension of time as a § 2255 motion when it contains allegations sufficient to support a claim under § 2255. *Ramirez*, 461 F.Supp.2d at 441.

4

motions merely requires a petitioner to state his grounds for relief, and Defendant has not demonstrated that any particular documents or the assistance of counsel is necessary to complete the form.

Likewise, Defendant has not demonstrated that either the entirety of his case file and transcripts or Court funding for the retention of any expert is necessary to complete his § 2255 motion. *See, e.g.*, *United States v. Fullerton*, 238 F.3d 424 (6th Cir. 2000) (recognizing that a defendant may be entitled to a free transcript under 28 U.S.C. § 753(f) "if he demonstrates that his [§ 2255] claim is not frivolous and that the transcript is needed to decide the issue presented in his case," but a defendant is not entitled to free transcripts "to conduct a generalized review of his case" before filing a § 2255 motion).

Each of these requests will be denied without prejudice to asserting after Defendant files a § 2255 motion and can demonstrate what particular documents and evidence is needed, how such documents or evidence are relevant to Defendant's § 2255 claims, and why appointment of counsel or other Court-provided relief is necessary.

Accordingly,

**IT IS HEREBY ORDERED** that pro se Motion for Extension of Time to file 2255, Request for Assistance of Counsel, Request Copy of All Court Transcripts, Request Funds for Expert Witness is **DISMISSED for lack of jurisdiction** with respect to the motion for extension, and is otherwise **DENIED without prejudice** to reasserting with specificity, as appropriate, in connection with or after filing a motion pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of Court shall supply Defendant with a copy of a court form for filing a motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 24th day of September, 2021

                                                                    _____
                                                                    AUDREY G. FLEISSIG
                                                                    UNITED STATES DISTRICT JUDGE