UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16-cr-00159-AGF ) ) |
| LOREN ALLEN COPP, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION TO
AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT**

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Anthony J. Debre, Assistant United States Attorney for said District, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), requests this Court enter an Order authorizing the Bureau of Prisons to turnover to the Clerk of the Court all funds in the inmate trust account of Defendant LOREN ALLEN COPP, Reg. No. 45770-044, that are present on the date this Court rules upon this motion, up to the amount of debt owed, as payment toward the criminal monetary penalties imposed in this case. In support of this motion, the Government states as follows:

1. On December 26, 2018, after a bench trial was completed in the Eastern District of Missouri, Defendant was found guilty of two counts of production of child pornography in violation of 18 U.S.C. § 2251; one count of attempted production of child pornography in violation of 18 U.S.C. § 2251; one count of possession of child pornography in violation of 18 U.S.C. § 2252A; two counts of using interstate facilities to persuade/induce/entice/coerce a minor to engage

1

in sexual activity in violation of 18 U.S.C. § 2422; and two counts of using interstate facilities to transmit information about a minor with intent to entice/solicit/encourage to engage in sex activity in violation of 18 U.S.C. § 2425. Doc. 302 at pp. 1-2.

2.      On December 27, 2019, this Court sentenced Defendant to a total of 780 months imprisonment, and supervised release for life. *Id*. at pp. 3, 4. This Court also ordered Defendant pay $294,000.00 in restitution, and a special assessment of $800.00. *Id.* at p. 8. As of the date of this filing, Defendant has paid $1,952.03 toward the total balance of this debt, and $292,847.97 remains owed and outstanding.

3.      Defendant remains in federal custody serving his sentence of imprisonment. According to the U.S. Bureau of Prison's Inmate Locator System, Defendant is presently incarcerated at Coleman II USP in Sumterville, Florida. Defendant is scheduled to be released from federal custody on August 25, 2071.

4.      The United States recently learned that Defendant has a significant sum of money — over $1,200.00 — in his inmate trust account, pre-release savings account, TRUFONE phone account, and TRULINCS computer account (hereafter collectively referred to as "inmate trust account") maintained by the Bureau of Prisons ("BOP").[1] At the request of the U.S. Attorney's Office, Defendant's inmate trust account has been encumbered against further transfer, withdrawal, or assignment. On October 14, 2021, the BOP notified the U.S. Attorney's Office that it had encumbered funds totaling $1,294.30 in Defendant's inmate trust account.

---

[1] The purpose of inmate trust accounts or commissary accounts is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id*. Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

5.      Upon information and belief, some of these encumbered funds are tax credit payments issued by the Treasury Department to Defendant's inmate trust account pursuant to Title II, Subtitle B, of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136 (2020), and/or subsequent stimulus legislation related to the ongoing COVID-19 coronavirus pandemic.

6.      By this motion, the United States seeks entry of an order authorizing the BOP to turnover to the Clerk of the Court all funds in Defendant's inmate trust account up to the amount of debt owed, including any stimulus funds he received from the Treasury Department and any funds he subsequently received after his account was encumbered through the date this Court rules upon this motion. The funds should be applied as payment toward Defendant's outstanding criminal monetary penalties.

7.      Title 18, Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including criminal restitution and fines. Specifically, a sentence including criminal restitution or a fine acts as a lien in favor of the United States on **all property** and rights to property of the person fined. 18 U.S.C. § 3613(c). Thus, the United States' lien attaches to Defendant's interest in **all funds** held by the BOP in his inmate trust account. *See also,* 18 U.S.C. § 3613(a) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C § 3664(m) (government may use all available and reasonable means to collect restitution).

8.      Pursuant to the Crime Victim Rights Act, the victims of Defendant's crimes are entitled to full and timely restitution as provided in law. *See* 18 U.S.C. § 3771(a)(6).

9.      Moreover, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq., requires Defendant's resources received from any source during his term of incarceration be

3

applied to his outstanding criminal monetary penalties. Specifically, 18 U.S.C. § 3664(n) provides that, "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources *from any source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall be required* to apply the value of such resources to any restitution or fine still owed" (emphasis added).

10.     The United States submits that an order authorizing the turnover of Defendant's inmate trust account is appropriate here and the United States is not required to rely upon other formal collection remedies such as garnishment of or execution upon property to obtain these funds. The funds at issue currently are in the BOP's possession and the United States has a valid lien over this property.

11.     Furthermore, because the property is cash, it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case. 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). For criminal debts such as fines and restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). Accordingly, Defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of a fine or restitution.[2]

---

[2] By statute, challenges to a garnishment of the defendant's property are limited to: (1) the probable validity of any claim of exemption; and (2) compliance with any statutory requirements for the issuance of the post-judgment remedy granted. 28 U.S.C § 3202(d).

12.     Defendant is required to notify this Court and the Attorney General of any material change in his "economic circumstances" that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.* The receipt of over $1,200.00 constitutes a material change in Defendant's "economic circumstances" that affects his ability to pay restitution under section 3664(k). Yet, Defendant never notified this Court nor the U.S. Attorney's Office regarding these funds.

13.     The United States is serving Defendant with a copy of this motion by first class mail, postage prepaid, and he may object to the intended use of his property. The United States is not aware of any other party who may claim an interest in this property.

14.     The United States submits that the requested relief is reasonable and appropriate in this instance where Defendant has accumulated significant funds in his inmate trust account. Also, without this relief, the BOP will be required to allow Defendant access to these funds, allowing him – or others – the opportunity to dissipate, conceal, or transfer the funds without first paying restitution.

WHEREFORE, for the reasons explained above, the United States requests that this Court grant its motion.

DATED:  October 21, 2021				Respectfully submitted,

						SAYLER A. FLEMING
						United States Attorney


						/s/ *Anthony J. Debre*
						ANTHONY J. DEBRE #67612 MO
						Assistant United States Attorney
						Thomas F. Eagleton U.S. Courthouse
						111 South Tenth Street, 20th Floor
						St. Louis, Missouri 63102
						(314) 539-2200 office
						(314) 539-2196 fax
						anthony.debre@usdoj.gov

## Certificate of Service

The undersigned hereby certifies that on October 21, 2021, a true and accurate copy of the foregoing was filed via this Court's CM/ECF system, and therefore served on all parties of record. In addition, on October 21, 2021, a true and accurate copy of the foregoing was sent via U.S. Mail, postage prepaid, to the following:

LOREN ALLEN COPP
REG. NO. 45770-044
USP COLEMAN II
U.S. PENITENTIARY
P.O. BOX 1034
COLEMAN, FL  33521

/s/ *Anthony J. Debre*
Anthony J. Debre
Assistant United States Attorney